ZIPES ET AL. *v.* TRANS WORLD AIRLINES, INC.

No. 78–1545.   Argued December 2, 1981—Decided February 24, 1982*

---

*Together with No. 80–951, *Independent Federation of Flight Attendants* v. *Trans World Airlines, Inc., et al.,* also on certiorari to the same court.

WHITE, J., delivered the opinion of the Court, in which BRENNAN, MAR-SHALL, BLACKMUN, and O'CONNOR, JJ., joined, and in Parts I and II of which BURGER, C. J., and POWELL and REHNQUIST, JJ., joined. POW-ELL, J., filed an opinion concurring in part and concurring in the judgment in part, in which BURGER, C. J., and REHNQUIST, J., joined, *post*, p. 401. STEVENS, J., took no part in the consideration or decision of the cases.

*A. Raymond Randolph, Jr.,* argued the cause for petition-ers in No. 78–1545. With him on the brief were *Aram A. Hartunian, Arnold I. Shure,* and *Kevin M. Forde. William A. Jolley* argued the cause for petitioner in No. 80–951. With him on the briefs were *Steven A. Fehr, Scott A. Raisher,* and *George Kaufmann.*

*Laurence A. Carton* argued the cause for respondent Trans World Airlines, Inc. With him on the brief was *James A. Velde.*†

JUSTICE WHITE delivered the opinion of the Court.

The primary question in these cases is whether the statu-tory time limit for filing charges under Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U. S. C. § 2000e *et seq.* (1970 ed.) is a jurisdictional prerequisite to a suit in the District Court. Secondarily, we resolve a dispute as to whether retroactive seniority was a proper remedy in these Title VII cases.

†*Solicitor General Lee, Assistant Attorney General Reynolds, Deputy Solicitor General Wallace, Barry Sullivan, Jessica D. Silver, Mark L. Gross, Constance L. Dupre,* and *Philip B. Sklover* filed a brief for the United States et al. as *amici curiae* urging reversal in No. 78–1545 and affirmance in No. 80–951.

*J. Albert Woll, Robert M. Weinberg, Michael H. Gottesman,* and *Laurence Gold* filed a brief for the American Federation of Labor and Con-gress of Industrial Organizations as *amicus curiae* urging reversal in No. 80–951.

*Robert E. Williams, Douglas S. McDowell,* and *Daniel R. Levinson* filed a brief for the Equal Employment Advisory Council as *amicus curiae* urging affirmance in both cases.

## I

In 1970, the Air Line Stewards and Stewardesses Association (ALSSA), then the collective-bargaining agent of Trans World Airlines (TWA) flight attendants, brought a class action alleging that TWA practiced unlawful sex discrimination in violation of Title VII by its policy of grounding all female flight cabin attendants who became mothers, while their male counterparts who became fathers were permitted to continue flying. After collective bargaining eliminated the challenged practice prospectively, the parties in the case reached a tentative settlement. The settlement, which provided neither backpay nor retroactive seniority, was approved by the District Court. The Court of Appeals for the Seventh Circuit, however, found the union to be an inadequate representative of the class because of the inherent conflict between the interests of current and former employees. It remanded the case with instructions that the District Court name individual members of the class to replace ALSSA as the class representative.[1] *Air Line Stewards and Stewardesses Assn.* v. *American Airlines, Inc.*, 490 F. 2d 636 (1973).

Upon remand, petitioners in No. 78–1545 were appointed as class representatives. TWA moved to amend its answer to assert that the claims of plaintiffs and other class members were barred by Title VII's "statute of limitations" because they had failed to file charges with the Equal Employment Opportunity Commission (EEOC) within the statutory time

---

[1] The class was defined as all female flight cabin attendants who were terminated from employment with TWA on or after July 2, 1965, for reasons of pregnancy. The Court of Appeals assumed the class to include only those who would have resumed flight duty after becoming mothers but for TWA's policy. *In re Consolidated Pretrial Proceedings in the Airline Cases*, 582 F. 2d 1142, 1147, and n. 9 (CA7 1978). The class thus included both former employees and current employees, that is, both those who declined and those who accepted ground positions.

limit. 1 App. 89a.[2] Although the District Court granted the motion to amend, it noted that the "delay in pleading the defense of limitations may well ultimately constitute a waiver of the defense." *Id.*, at 101a.

Subsequently, on October 15, 1976, the District Court denied TWA's motion to exclude class members who had not filed timely charges with the EEOC. In support of its motion, TWA argued that instead of an affirmative defense analogous to a statute of limitations, timely filing with the EEOC is a jurisdictional prerequisite not subject to waiver by any action of the defendants. While the District Court agreed that the filing requirements of Title VII are jurisdictional, it denied the motion on the basis that any violation by the airline continued against all the class members until the airline changed the challenged policy. *Id.*, at 131a–132a. On October 19, 1976, the District Court granted the motion of the plaintiff class for summary judgment on the issue of TWA's liability for violating Title VII. *Id.*, at 133a–134a.

The Court of Appeals affirmed the order of October 18, 1976, granting summary judgment on liability, expressly holding that "TWA's no motherhood policy . . . provides a clear example of sex discrimination prohibited by § 2000e–2(a)." *In re Consolidated Pretrial Proceedings in the Airline Cases*, 582 F. 2d 1142, 1145 (1978). It declined, however, "to extend the continuing violation theory, as did the district court, so as to include in the plaintiff class those employees who were permanently terminated more than 90 days before the filing of EEOC charges." *Id.*, at 1149.

The Court of Appeals went on to hold that timely filing of EEOC charges was a jurisdictional prerequisite. Because TWA could not waive the timely-filing requirement, the

---

[2] When suit was filed, 42 U. S. C. § 2000e–5(d) (1970 ed.) required charges to be filed within 90 days of the alleged unlawful employment practice. In 1972, this provision was amended to extend the time limit to 180 days and is now codified as § 2000e–5(e).

Court of Appeals found that approximately 92% of the plaintiffs' claims were jurisdictionally barred by the failure of those plaintiffs to have filed charges of discrimination with the EEOC within 90 days of the alleged unlawful employment practice. The Court of Appeals, however, stayed its mandate pending the filing of petitions in this Court. Petitions for certiorari were filed by the plaintiff class, No. 78–1545, and by TWA, No. 78–1549. This Court granted motions to defer consideration of the petitions pending completion of settlement proceedings in the District Court. 442 U. S. 916 (1979).

In connection with the settlement proceedings, the District Court designated two subclasses. Subclass A, consisting of some 30 women, comprised those who were terminated on or after March 2, 1970, as well as those who were discharged earlier, but who had accepted reinstatement in ground duty positions. Subclass B, numbering some 400 women, covered all other members of the class and consisted of those whose claims the Court of Appeals had found to be jurisdictionally barred for failure to satisfy the timely-filing requirement. 2 App. 3.

The proposed settlement divided $3 million between the two groups. It also provided each class member with full company and union seniority from the date of termination. The agreement specified that "in the event of the timely objection of any interested person, it is agreed that the amount of seniority and credit for length of service for the compensation period will be determined by the Court in its discretion, pursuant to the provisions of Section 706(g), and all other applicable provisions of law, without contest or objection by TWA."[3] App. to Pet. for Cert. in No. 80–951, p. 29a.

---

[3] Section 706(g) of Title VII, 78 Stat. 253, as amended, 42 U. S. C. § 2000e–5(g) provides:

"If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the

The Independent Federation of Flight Attendants (union), which had replaced ALSSA as the collective-bargaining agent for the flight attendants, was permitted to intervene and to object to the settlement. On the basis that the Court of Appeals had not issued the mandate in its jurisdictional decision, the District Court rejected the union's challenge to its jurisdiction over Subclass B. *Id.*, at 14a–15a. After holding three days of hearings, the District Court approved the settlement and awarded competitive seniority. It explicitly found that full restoration of retroactive seniority would not have an unusual adverse impact upon currently employed flight attendants in any way atypical of Title VII cases. *Id.*, at 18a–19a.

The union appealed. It argued that, because of the Court of Appeals' earlier opinion, the District Court lacked jurisdiction to approve the settlement or to order retroactive seniority with respect to Subclass B. The Court of Appeals affirmed, reasoning that "the principles favoring settlement of class action lawsuits remain the same regardless of whether the disputed legal issues center on the jurisdiction of the court over the action." *Air Line Stewards and Stewardesses Assn.* v. *Trans World Airlines, Inc.*, 630 F. 2d 1164, 1169 (1980). It further explained that the question of jurisdiction as to Subclass B had not been finally determined because a challenge to its decision was pending before this Court and observed that the Courts of Appeals were split on the issue. The Court of Appeals noted that the District Court clearly had subject-matter jurisdiction over the claims of Subclass A. It concluded: "Where, as here, the jurisdictional question is not settled with finality, parties should not be forced to litigate the issue of jurisdiction if they can arrive at a settlement

complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . . , or any other equitable relief as the court deems appropriate. . . ."

that is otherwise appropriate for district court approval."
*Ibid.*

The Court of Appeals also affirmed the award of seniority. According to the court, the settlement served the public policy of remedying past acts of sex discrimination and the consequences of those past acts. Moreover, "[t]he right to have its objections heard does not, of course, give the intervenor the right to block any settlement to which it objects." *Ibid.*[4]

The union petitioned for certiorari, No. 80–951. We granted its petition together with the petitions in No. 78–1545 and No. 78–1549, 450 U. S. 979 (1981), but later removed the TWA case, No. 78–1549,[5] from the argument docket and limited the grant in No. 80–951. 451 U. S. 980 (1981).

## II

The single question in No. 78–1545 is whether the timely filing of an EEOC charge is a jurisdictional prerequisite to bringing a Title VII suit in federal court or whether the requirement is subject to waiver and estoppel. In reaching its decision that the requirement is jurisdictional, the Court of Appeals for the Seventh Circuit relied on its reading of the statutory language, the absence of any indication to the con-

---

[4] The Court of Appeals relied on language in *Franks* v. *Bowman Transportation Co.*, 424 U. S. 747, 779, n. 41 (1976):
"[D]istrict courts should take as their starting point the presumption in favor of rightful-place seniority relief, and proceed with further legal analysis from that point; and . . . such relief may not be denied on the abstract basis of adverse impact upon interests of other employees but rather only on the basis of unusual adverse impact arising from facts and circumstances that would not be generally found in Title VII cases."

[5] In No. 78–1549, TWA contends (a) that the Court of Appeals erred in affirming summary judgment for plaintiffs on the issue of liability, (b) that TWA should be required to grant only prospective relief to plaintiffs, and (c) that the Court of Appeals erred in defining the subclass of plaintiffs who had filed timely charges with the EEOC. In view of our decision in No. 78–1545 and No. 80–951, we now dismiss the petition in No. 78–1549 as improvidently granted.

trary in the legislative history, and references in several of our cases to the 90-day filing requirement as "jurisdictional."[6] Other Courts of Appeals that have examined the same materials have reached the opposite conclusion.[7]

We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.[8] The structure of Title VII, the congressional policy underlying it, and the reasoning of our cases all lead to this conclusion.

The provision granting district courts jurisdiction under Title VII, 42 U. S. C. §§ 2000e–5(e) and (f), does not limit jurisdiction to those cases in which there has been a timely filing with the EEOC.[9]  It contains no reference to the timely-

---

[6] See *Electrical Workers* v. *Robbins & Myers, Inc.*, 429 U. S. 229, 240 (1976); *United Air Lines, Inc.* v. *Evans*, 431 U. S. 553, 555, n. 4 (1977); *Alexander* v. *Gardner-Denver Co.*, 415 U. S. 36, 47 (1974); *McDonnell Douglas Corp.* v. *Green*, 411 U. S. 792, 798 (1973).

[7] See *Carlile* v. *South Routt School District Re 3–J*, 652 F. 2d 981 (CA10 1981); *Coke* v. *General Adjustment Bureau, Inc.*, 640 F. 2d 584 (CA5 1981); *Leake* v. *University of Cincinnati*, 605 F. 2d 255 (CA6 1979); *Hart* v. *J. T. Baker Chemical Corp.*, 598 F. 2d 829 (CA3 1979); *Laffey* v. *Northwest Airlines, Inc.*, 185 U. S. App. D. C. 322, 567 F. 2d 429 (1976).

[8] One of the questions on which we granted certiorari in No. 80–951 was whether the Court of Appeals erred in affirming the District Court's approval of the settlement of jurisdictionally barred claims.  In reaching its decision, the Court of Appeals for the Seventh Circuit explicitly declined to follow *McArthur* v. *Southern Airways, Inc.*, 569 F. 2d 276 (CA5 1978) (en banc).  *Air Line Stewards and Stewardesses Assn.* v. *TWA*, 630 F. 2d 1164, 1168–1169 (1980).  In *McArthur*, the Court of Appeals for the Fifth Circuit reversed the approval of a settlement agreement in a Title VII class action, holding that the District Court lacked jurisdiction because no plaintiff had filed a timely charge of discrimination with the EEOC.  Because of our holding in No. 78–1545 that timely filing with the EEOC is not a jurisdictional prerequisite, this issue need not be resolved.

[9] Title 42 U. S. C. § 2000e–5(f)(3), for example, reads:

"Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction

filing requirement.   The provision specifying the time for fil-ing charges with the EEOC appears as an entirely separate provision, and it does not speak in jurisdictional terms or re-fer in any way to the jurisdiction of the district courts.[10]   The legislative history of the filing provision is sparse, but Sena-tor Humphrey did characterize the time period for filing a claim as a "period of limitations," 110 Cong. Rec. 12723 (1964), and Senator Case described its purpose as preventing the pressing of "stale" claims, *id.*, at 7243, the end served by a statute of limitations.

Although subsequent legislative history is not dispositive, see *Seatrain Shipbuilding Corp.* v. *Shell Oil Co.*, 444 U. S. 572, 596 (1980); *Cannon* v. *University of Chicago*, 441 U. S. 677, 686, n. 7 (1979), the legislative history of the 1972 amendments also indicates that Congress intended the filing period to operate as a statute of limitations instead of a juris-dictional requirement.   In the final Conference Committee section-by-section analysis of H. R. 1746, The Equal Oppor-tunity Act of 1972, 118 Cong. Rec. 7166, 7167 (1972), the Committee not only termed the filing period a "time limita-tion," but explained:

> "This subsection as amended provides that charges be filed within 180 days of the alleged unlawful employment practice.   Court decisions under the present law have

of actions brought under this subchapter.   Such an action may be brought in any judicial district in the State in which the unlawful employment prac-tice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and adminis-tered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the re-spondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his princi-pal office. . . ."

[10] Section 2000e–5(e), the amended version of the filing provision, reads simply: "A charge under this section shall be filed within one hun-dred and eighty days after the alleged unlawful employment practice occurred . . . ."

shown an inclination to interpret this time limitation so as to give the aggrieved person the maximum benefit of the law; it is not intended that such court decisions should be in any way circumscribed by the extension of the time limitations in this subsection."[11]

This result is entirely consistent with prior case law. Although our cases contain scattered references to the timely-filing requirement as jurisdictional, the legal character of the requirement was not at issue in those cases, and as or more often in the same or other cases, we have referred to the provision as a limitations statute.[12]

---

[11] The Senate Labor Committee's section-by-section analysis of the amendments explained that "[t]his subsection would permit . . . a limitation period similar to that contained in the Labor-Management Relations Act, as amended." S. Rep. No. 92–415, p. 37 (1971). We have recognized that the National Labor Relations Act was "the model for Title VII's remedial provisons," Teamsters v. United States, 431 U. S. 324, 366 (1977). Because the time requirement for filing an unfair labor practice charge under the National Labor Relations Act operates as a statute of limitations subject to recognized equitable doctrines and not as a restriction of the jurisdiction of the National Labor Relations Board, see NLRB v. Local 264, Laborers' Int'l Union, 529 F. 2d 778, 781–785 (CA8 1976); Shumate v. NLRB, 452 F. 2d 717, 720 (CA4 1971); NLRB v. A. E. Nettleton Co., 241 F. 2d 130, 133 (CA2 1957); NLRB v. Itasca Cotton Mfg. Co., 179 F. 2d 504, 506–507 (CA5 1950), the time limitations under Title VII should be treated likewise.

Moreover, when Congress in 1978 revised the filing requirement of the Age Discrimination in Employment Act of 1967, 81 Stat. 602, 29 U. S. C. § 621 et seq. (1976 ed. and Supp. V), which was modeled after Title VII, see Oscar Mayer & Co. v. Evans, 441 U. S. 750 (1979), the House Conference Report explicitly stated that "the 'charge' requirement is not a jurisdictional prerequisite to maintaining an action under the ADEA and that therefore equitable modification for failing to file within the time period will be available to plaintiffs under this Act." H. R. Conf. Rep. No. 95–950, p. 12.

[12] As the Court of Appeals for the Fifth Circuit points out in its opinion in Coke, supra, at 588–589, references to the filing requirement as a statute of limitations have come to dominate in our opinions:

"The trend of the Supreme Court cases is also significant. In the early cases, the Court in dicta referred to such time provisions using the label

More weighty inferences however, are to be drawn from other cases. *Franks* v. *Bowman Transportation Co.*, 424 U. S. 747 (1976), was a Title VII suit against an employer and a union. The District Court denied relief for unnamed class members on the ground that those individuals had not filed administrative charges under the provisions of Title VII and that relief for them was thus not appropriate. The Court of Appeals did not disturb this ruling, but we reversed, saying:

> "The District Court stated two reasons for its denial of seniority relief for the unnamed class members. The first was that those individuals had not filed administrative charges under the provision of Title VII with the Equal Employment Opportunity Commission and therefore class relief of this sort was not appropriate. We rejected this justification for denial of class-based relief in the context of backpay awards in *Albemarle Paper [Co.* v. *Moody*, 422 U. S. 405 (1975),] and . . . reject it here. This justification for denying class-based relief in Title VII suits has been unanimously rejected by the courts of appeals, and Congress ratified that construction by the 1972 amendments. . . ." *Id.*, at 771 (footnote omitted).

---

'jurisdictional prerequisite.' *McDonnell Douglas Corp.* v. *Green*, 411 U. S. 792 . . . (1973); *Alexander* v. *Gardner-Denver Co.*, 415 U. S. 36 . . . (1974). In the 1976 *Robbins & Myers* decision the jurisdictional label was used once, but there were numerous references to 'tolling the limitations period,' 429 U. S. at 239, . . . and other labels obviously referring to a statute of limitations, as opposed to subject matter jurisdiction. See also *United Air Lines* v. *Evans*, 431 U. S. 553 . . . (1977), in which both labels are used. From and after late 1977, all nine justices have concurred in opinions containing dicta using the limitations label to the exclusion of the jurisdictional label. *Occidental Life Insurance Company* v. *EEOC*, 432 U. S. 355, 371–[3]72 . . . (1977); *United Air Lines, Inc.* v. *McDonald*, 432 U. S. 385, 391–[3]92 . . . (1977); *Mohasco Corp.* v. *Silver*, 447 U. S. 807, 818–823 . . . (1980), *Delaware State College* v. *Ricks*, [449] U. S. [250] . . . (1980)."

If the timely-filing requirement were to limit the jurisdiction of the District Court to those claimants who have filed timely charges with the EEOC, the District Courts in *Franks* and *Albemarle Paper Co.* v. *Moody*, 422 U. S. 405 (1975), would have been without jurisdiction to adjudicate the claims of those who had not filed as well as without jurisdiction to award them seniority. We did not so hold. Furthermore, we noted that Congress had approved the Court of Appeals cases that awarded relief to class members who had not exhausted administrative remedies before the EEOC. It is evident that in doing so, Congress necessarily adopted the view that the provision for filing charges with the EEOC should not be construed to erect a jurisdictional prerequisite to suit in the district court.

In *Love* v. *Pullman Co.*, 404 U. S. 522 (1972), we announced a guiding principle for construing the provisions of Title VII. Declining to read literally another filing provision of Title VII, we explained that a technical reading would be "particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." *Id.*, at 527. That principle must be applied here as well.

The reasoning of other cases assumes that the filing requirement is not jurisdictional. In *Electrical Workers* v. *Robbins & Myers, Inc.*, 429 U. S. 229 (1976), we rejected the argument that the timely-filing requirement should be tolled because the plaintiff had been pursuing a grievance procedure set up in the collective-bargaining agreement. We did not reach this decision on the basis that the 180-day period was jurisdictional. Instead, we considered the merits of a series of arguments that grievance procedures should toll the requirement. Such reasoning would have been gratuitous if the filing requirement were a jurisdictional prerequisite.[13]

---

[13] In *Robbins & Myers*, we also held that the expanded 180-day "limitations period," enacted by the 1972 amendments, was retroactive. 429 U. S., at 244. This holding presupposes that the requirement is not juris-

Similarly, we did not *sua sponte* dismiss the action in *Mohasco Corp.* v. *Silver*, 447 U. S. 807 (1980), on the basis that the District Court lacked jurisdiction because of plaintiff's failure to comply with a related Title VII time provision. Instead, we merely observed in a footnote that "[p]etitioner did not assert respondent's failure to file the action within 90 days as a defense." *Id.*, at 811, n. 9.

By holding compliance with the filing period to be not a jurisdictional prerequisite to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires, we honor the remedial purpose of the legislation as a whole without negating the particular purpose of the filing requirement, to give prompt notice to the employer.

We therefore reverse the Court of Appeals in No. 78–1545.

### III

In No. 80–951, the union challenges on several grounds the District Court's authority to award, over the union's objection, retroactive seniority to the members of Subclass B. We have already rejected the union's first contention, namely, that the District Court had no jurisdiction to award relief to those who had not complied with Title VII's filing requirement. The union also contends that in any event there has been no finding of discrimination with respect to Subclass B members and that the predicate for relief under § 706(g) is therefore missing. This contention is also without merit.

The District Court unquestionably found an unlawful discrimination against the plaintiff class, and the class at that

---

dictional. Moreover, in reaching this conclusion, we quoted from *Chase Securities Corp.* v. *Donaldson*, 325 U. S. 304, 316 (1945): "[C]ertainly it cannot be said that lifting the bar of a statute of limitation so as to restore a remedy lost through mere lapse of time is *per se* an offense against the Fourteenth Amendment." Several Courts of Appeals have read *Robbins & Myers* as implicitly approving equitable tolling. *Coke* v. *General Adjustment Bureau, Inc.*, 640 F. 2d, at 588; *Hart* v. *J. T. Baker Chemical Corp.*, 598 F. 2d, at 833; *Smith* v. *American President Lines, Ltd.*, 571 F. 2d 102, 108–109 (CA2 1978).

time had not been subdivided into Subclasses A and B. Summary judgment ran in favor of the entire class, including both those members who had filed timely charges and those who had not. The Court of Appeals affirmed the summary judgment order as well as the finding of a discriminatory employment practice. The court went on, however, to hold that the District Court had no jurisdiction over claims by those who had not met the filing requirement and that those individuals should have been excluded from the class prior to the grant of summary judgment. But as we have now held, that ruling is erroneous. The District Court did have jurisdiction over nonfiling class members. Thus, there was no jurisdictional barrier to its finding of discrimination with respect to the entire class. With the reversal of the Court of Appeals judgment in No. 78–1545 and our dismissal of No. 78–1549, which had challenged the affirmance of the summary judgment order, the order that found classwide discrimination remains intact and is final. The award of retroactive seniority to members of Subclass B as well as Subclass A is not infirm for want of a finding of a discriminatory employment practice.

Equally meritless is the union's contention that retroactive seniority contrary to the collective-bargaining agreement should not be awarded over the objection of a union that has not itself been found guilty of discrimination. In *Franks* v. *Bowman Transportation Co.*, 424 U. S., at 764, we read the legislative history of Title VII as giving

"emphatic confirmation that federal courts are empowered to fashion such relief as the particular circumstances of a case may require to effect restitution, making whole in so far as possible the victims of . . . discrimination . . . ."

While recognizing that backpay was the only remedy specifically mentioned in the provision, we reasoned that adequate relief might be denied without a seniority remedy. We concluded that the class-based seniority relief for identifiable vic-

tims of illegal discrimination is a form of relief generally appropriate under § 706(g).

In *Franks*, the District Court had found both that the employer had engaged in discrimination and that the discriminatory practices were perpetuated in the collective-bargaining agreements with the unions. 424 U. S., at 751. *Teamsters v. United States*, 431 U. S. 324 (1977), however, makes it clear that once there has been a finding of discrimination by the employer, an award of retroactive seniority is appropriate even if there is no finding that the union has also illegally discriminated. In *Teamsters*, the parties agreed to a decree which provided that the District Court would decide "whether any discriminatees should be awarded additional equitable relief such as retroactive seniority." *Id.*, at 331, n. 4. Although we held that the union had not violated Title VII by agreeing to and maintaining the seniority system, we nonetheless directed the union to remain in the litigation as a defendant so that full relief could be awarded the victims of the employer's post-Act discrimination. *Id.*, at 356, n. 43.[14] Here, as in *Teamsters*, the settlement left to the District Court the final decision as to retroactive seniority.

In resolving the seniority issue, the District Court gave the union all the process that was due it under Title VII in our cases. The union was allowed to intervene. The District Court heard its objections, made appropriate findings, and determined that retroactive seniority should be awarded. The Court of Appeals agreed with that determination, and

---

[14] In noting that the union in *Teamsters* properly remained a defendant in the litigation, we cited to Federal Rule of Civil Procedure 19(a). The union here was not joined under Rule 19 when individuals replaced the union as class representatives, but intervened later. Cf. *EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F. 2d 1086, 1095 (CA6 1974) (joinder under Rule 19(a) provides union with full opportunity to participate in litigation and formulation of proposed relief, although as practical matter union does not play role in litigation until court finds violation of Title VII).

we have eliminated from our consideration here the question whether on the facts of these cases the Court of Appeals and the District Court were in error in this respect.

Accordingly, the judgment in No. 78–1545 is reversed and the judgment in No. 80–951 is affirmed.

*So ordered.*

JUSTICE STEVENS took no part in the consideration or decision of these cases.

JUSTICE POWELL, with whom THE CHIEF JUSTICE and JUSTICE REHNQUIST join, concurring in No. 78–1545 and concurring in the judgment in No. 80–951.

The above cases arise out of the same protracted controversy, and the Court disposes of them in a single opinion. The only question in No. 78–1545 is whether the timely filing of an EEOC charge is a jurisdictional prerequisite to bringing a Title VII suit. I agree that timely filing is not jurisdictional and is subject to waiver and estoppel. Accordingly, I join Parts I and II of the Court's opinion.

I join only the judgment in No. 80–951. My concern with the Court's opinion is that it does not make clear that a timely charge, as well as a violation of Title VII, is a prerequisite to disturbing rights under a bona fide seniority system protected by § 703(h), 42 U. S. C. § 2000e–2(h).[1] This was made

---

[1] In *Franks* v. *Bowman Transportation Co.*, 424 U. S. 747 (1976), timely charges of discrimination had been filed. Relief was awarded on the theory that current employees were merely being placed in the position they would have enjoyed, relative to the victims, had no discrimination ever taken place. In contrast, when the victims of discrimination have slept on their rights, it will often be unfair to award them full retroactive seniority at the expense of employees who may have accrued their present seniority in good faith. When timely charges have not been filed, a district court should consider these equities in determining whether to award competitive-status seniority, and the presence of a settlement between the

clear in *United Air Lines, Inc.* v. *Evans,* 431 U. S. 553, 559 (1977), a case not discussed in the Court's opinion.[2] I nevertheless concur in the remand of No. 80–951, in which a settlement agreement was approved awarding retroactive competitive-status seniority under the standard of *Franks* v. *Bowman Transportation Co.,* 424 U. S. 747 (1976). This case has been in litigation since 1970, and in view of its complexity it is difficult to be certain as to "what happened and when." I believe, however, that one can conclude that the requirements of *Evans* were met.

As noted in the Court's opinion, *ante,* at 398–399, the District Court's order finding classwide discrimination is now final. The District Court also entered an order finding that timely charges had been filed for all class members, and that order is similarly final. The timely-charge order was entered on October 15, 1976, three days before the entry of the order finding classwide discrimination. These orders were consolidated on appeal to the Court of Appeals for the Seventh Circuit. Although the October 18th order, finding discrimination, was affirmed, the Court of Appeals vacated the other order, holding that the members of Subclass B had failed to meet the jurisdictional requirements of Title VII because they had not filed timely claims. No District Court order was ever actually vacated because, on the motion of the parties, the Court of Appeals stayed its mandate, and the parties then reached a settlement. Today, the Court reverses that portion of the Court of Appeals' judgment that would have vacated the October 15th order. As a result, both the October 15th and October 18th orders, finding timely charges and classwide discrimination, are now final.

employer and the plaintiffs should not affect the balancing of these equities. Under any other rule, employers will be able to settle Title VII actions, in part, by bargaining away the rights of current employees.

[2] The Court refers to *United Air Lines* v. *Evans* twice, see *ante,* at 393, n. 6, and at 396, n. 12; both references are to terms used by the *Evans* Court in describing the timely-filing requirement.

I therefore concur in the judgment of the Court affirming the
award of retroactive competitive-status seniority under the
standard of *Franks* v. *Bowman Transportation Co.*[3]

---

[3] I am not entirely content with this formalistic resolution of the "timely
filing" issue. But, after almost 12 years of litigation, neither the parties
nor the courts have addressed specifically whether the failure to file timely
charges should affect the balance of the equities in awarding competitive-
status seniority. Rather than prolong this disruptive litigation, it may
well be in the best interest of all of the parties to approve the settlement—
as the Court's judgment does today.