Kristine A. KLAUSNER, Plaintiff,

v.

SOUTHERN OIL COMPANY OF NEW YORK, INC., Defendant.

No. 81–CV–787.

United States District Court,
N. D. New York.

March 15, 1982.

Lawrence R. Posner, Newburgh, for plaintiff.

Vedder, Price, Kaufman, Kammholz & Day, New York City, Novak & Goldberger, Attorneys for Defendant Schenectady, N. Y., for defendant; Alan M. Koral, Nicholas J. D'Ambrosio, Jr., New York City, Franklin H. Goldberger, Schenectady, N. Y., of counsel.

MEMORANDUM–DECISION and ORDER

MINER, District Judge.

### I.

This action has been commenced pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., alleging discrimination on the basis of sex. Plaintiff Kristine A. Klausner, employed by defendant Southern Oil (hereinafter "Southern") as a gasoline station manager, alleges that she was subjected to onerous working conditions and finally dismissed, solely because she had become pregnant. In an amended complaint, plaintiff sets forth the additional claim that Richard Shaw and Donald Peters, employees of Southern, conspired to deprive her of equal protection of the laws, in violation of 42 U.S.C. § 1985(3). Plaintiff seeks reinstatement and back pay, medical expenses associated with her pregnancy, $50,000 for pain and suffering, $500,000 in punitive damages, court costs and attorney's fees.

Before the Court is a motion by the defendant to dismiss the Title VII count pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(6) and 12(h)(3), or in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56. In addition, defendant moves to dismiss the § 1985(3) claim for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

### II.

### PLAINTIFF'S TITLE VII CLAIM

■ Defendant contends that the plaintiff failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"), and, therefore, the complaint should be dismissed for lack of subject matter jurisdiction or for failure to state a claim, or alternatively, that summary judgment should be granted since the action is barred by the applicable statute of limitations. Since timely filing with the EEOC is not a jurisdictional prerequisite for filing a Title VII suit, but rather a limitations requirement subject to waiver, estoppel and equitable tolling, *Zipes v. Trans World Airlines,* —— U.S. ——, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), this Court will treat the defendant's motion as one for summary judgment pursuant to Fed.R.Civ.P. 56.

### A.

Summary judgment is a drastic remedy which should be granted only when it is clear that the requirements of Rule 56 of the Fed.R.Civ.P. have been satisfied. *United States v. Bosurgi,* 530 F.2d 1105, 1110 (2d Cir. 1976); *Gargiul v. Tompkins,* 525 F.Supp. 795, 797 (N.D.N.Y.1981). "[S]ummary judgment is to be used not as a substitute for trial, but only when '. . . it is quite clear what the truth is [and] that no genuine issues remain for trial.' *Sartor v. Ar-*

kansas National Gas Corp., 321 U.S. 620, 627 [64 S.Ct. 724, 728, 88 L.Ed. 967] (1944)." *Pfizer Inc. v. International Rectifier Corp.*, 538 F.2d 180, 184–85 (8th Cir. 1976), *cert. denied*, 429 U.S. 1040, 97 S.Ct. 738, 50 L.Ed.2d 751 (1977). Indeed, the reviewing court must accept as true factual statements in the opposing party's affidavits; draw all permissible inferences in that party's favor, *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438 (2d Cir. 1980), *see also Hill v. A–T–O, Inc.*, 535 F.2d 1349 (2d Cir. 1976); and resolve any doubts in favor of the latter, *American Mfrs. Mutual Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 388 F.2d 272 (2d Cir. 1967). In short, the movant has the dual burden of demonstrating that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

### B.

In order to determine whether the plaintiff filed a timely application with the EEOC or whether tolling would be appropriate, the events leading up to the filing of the Title VII complaint are of critical importance.

Plaintiff began her employment with Southern on January 31, 1977, and held the position of manager of a "Payless" gasoline station just prior to her dismissal on June 3, 1980. On March 11, 1981, 281 days after her termination, plaintiff's counsel filed a verified complaint with the New York State Division of Human Rights (hereinafter "NYSDHR") alleging employment discrimination. Enclosed with the complaint, plaintiff's counsel submitted a letter requesting that the NYSDHR defer consideration on the case in order to permit the EEOC claim to be filed. NYSDHR then forwarded a copy of the complaint directly to the EEOC where it was received on March 19, 1981.

On March 13, 1981, plaintiff's counsel again wrote to NYSDHR, requesting a termination of the case for administrative convenience. On March 26, 1981 plaintiff's counsel wrote to Robert Shaw, Regional Director of NYSDHR, confirming a telephone conversation of the previous day that the case had been timely filed with the EEOC and that there were no "Mohasco" problems. According to the letter, Mr. Shaw had informed plaintiff's counsel that the NYSDHR had waived initial processing rights in the matter, but had not terminated its consideration and would reactivate the case if the EEOC's handling of the case proved unsatisfactory. EEOC form 212–A, dated March 24, 1981, indicates that the charge was received by the EEOC's Buffalo office on March 23, 1981 and that Robert Resto, Director of the Federal Contract Unit of NYSDHR, had granted a verbal waiver on March 23, 1981, 293 days after plaintiff's termination. The form further indicates that the charge will be maintained in the NYSDHR's system but is referred to EEOC for initial processing. The form was initialled by Robert Resto on March 31, 1981. On March 31, 1981, Resto also sent a letter to Southern, requiring that it respond to the NYSDHR's inquiry and investigation form. In a letter dated April 15, 1981, Harvey Anderson, Regional Director of NYSDHR, wrote to Mr. Jeter of Southern, requesting that NYSDHR be supplied with copies of his responses to the EEOC investigation. On May 5, 1981, the EEOC issued a determination that there was no reasonable cause to believe that the plaintiff's charge of discrimination was true. On May 5, 1981, the EEOC dismissed the charge and issued the plaintiff a Notice of Right to Sue.

### C.

Under 42 U.S.C. § 2000–5(e),[1] a complaint is required to be filed within 180

1. 42 U.S.C. § 2000e–5(e) provides:

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employ-

days of the alleged unlawful employment practice. However, in States that have established their own anti-discrimination agencies—New York being such a State[2] —a charge may be filed within 300 days after the unlawful practice occurred, or within 30 days after receipt of notice that the State agency has terminated its proceedings, whichever is earlier. However, § 2000e–5(c)[3] adds the requirement that, in a State that has established its own anti-discrimination agency, a charge may not be filed with the EEOC before the expiration of 60 days after proceedings have been commenced in the State agency, unless these proceedings have been earlier terminated. The parties are agreed, therefore, that in order for the plaintiff's claim to have been timely filed, this Court must find that the NYSDHR had terminated its proceedings

within 300 days from the date of plaintiff's dismissal.

Where, as here, a charge is filed with the NYSDHR more than 240 days after the discriminatory act occurred, an arrangement has been established between the EEOC and the NYSDHR whereby the NYSDHR waives initial processing of the case and thus allows the EEOC to file the claim within the 300 day filing requirement.[4] *Mohasco v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). However, under this arrangement, the charge is maintained in the NYSDHR's system and is subject to a substantial weight review by the NYSDHR. What this Court must determine, therefore, is whether this waiver procedure constitutes a termination of the State's proceedings within the meaning of 42 U.S.C. § 2000e–5(c), and thus makes the

---

ment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

2. Under regulations promulgated by the EEOC, the New York State Division of Human Rights is designated a "706 agency" for the purposes of 42 U.S.C. § 2000e–5. 29 C.F.R. § 1601.74(a) (1981).

3. 42 U.S.C. § 2000e–5(c) provides:

In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, provided that such sixty-day period shall be extended to one hundred and twenty days during the first year after

the effective date of such State or local law. If any requirement for the commencement of such proceedings is imposed by a State or local authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State or local authority.

4. Article III(c) of the worksharing agreement between the EEOC and the NYSDHR (referred to in the agreement as "FEPA") provides as follows:

EEOC may communicate to FEPA an interest in taking part in the processing of a deferred charge. Upon receiving such a communication, FEPA may request the services of EEOC with respect to that charge, and may forward a copy of the charge to EEOC for processing after initial investigation by FEPA is begun. Such a charge will be maintained in the FEPA's processing system and the EEOC resolution to the charge will be made the subject of a substantial weight review by FEPA. The charges subject to request for services will not exceed the workload needs of the fact-finding units in the EEOC district and area offices which will be in addition to those charges specified in Sec. III(c). FEPA agrees to request the services of EEOC with respect to all charges alleging employment discrimination covered by both the New York State Human Rights Law and Title VII which are received 241 to 300 days after the alleged date of discrimination.

filing of the plaintiff's complaint with the EEOC timely.

This Court finds that the word "terminated" as used in § 2000e–5(c) and § 2000e–5(e) must be given its plain and ordinary meaning. *See, e.g., Mohasco v. Silver, supra,* 447 U.S. at 818, 100 S.Ct. at 2492; *General Electric Co. v. Gilbert,* 429 U.S. 125, 145, 97 S.Ct. 401, 412, 50 L.Ed.2d 343 (1976). In *Mohasco v. Silver, supra,* the Supreme Court clearly indicated that the word "terminated" necessitates the completion of all State action in the case. "Instead Congress chose to prohibit the filing of any federal charge until after state proceedings had been *completed* or until 60 days had passed, whichever came sooner." (emphasis supplied). *Mohasco v. Silver, supra,* 447 U.S. at 821, 100 S.Ct. at 2494. Clearly, the State proceedings cannot be considered completed during the period in which the charge is maintained in the NYSDHR's file and is subject to review after resolution by the EEOC. Since this Court finds that the NYSDHR's waiver of initial processing did not amount to a termination within the meaning of 42 U.S.C. § 2000e–5(c), and since the plaintiff has failed to present any equitable consideration which would warrant this Court's interference with the time limitations established by Congress, her claim is barred. Accordingly, the defendant's motion for summary judgment is granted as to the Title VII claim.

### III.

#### PLAINTIFF'S § 1985(3) CLAIM

In count II of her amended complaint, plaintiff alleges that Mr. Peters and Mr. Shaw, employees of Southern, "conspired to deprive plaintiff of her right to remain gainfully employed with the same freedom secured to all persons regardless of sex ..." in violation of 42 U.S.C. § 1985(3). Defendant has moved to dismiss this claim for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

In order to state a claim under § 1985(3), the complainant must aver (1) that a conspiracy existed between two or more persons, (2) that the conspiracy was intended to deprive the plaintiff of equal protection of the laws or of privileges or immunities granted by law, (3) that an act was done by one of the conspirators in furtherance of the conspiracy, and (4) that she has been prevented from exercising a privilege or a right of citizenship. *See Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). In this case the plaintiff alleges that Peters and Shaw conspired within the scope of their employment. However, in this Circuit, employees of a corporation, while acting within the scope of their employment, are incapable as a matter of law of conspiring amongst themselves or with the corporation within the meaning of a § 1985(3) conspiracy. *Herrmann v. Moore,* 576 F.2d 453, 459 (2d Cir. 1978), *cert. denied,* 439 U.S. 1003, 99 S.Ct. 613, 58 L.Ed.2d 679 (1978). *Girard v. 94th St. and Fifth Ave. Corp.,* 530 F.2d 66, 70–72 (2d Cir. 1976), *cert. denied,* 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 798 (1976). Accordingly, the defendant's motion to dismiss plaintiff's § 1985(3) claim for failure to state a claim is granted.

It is so Ordered.