989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Patrick D. RAMIREZ, Plaintiff-Appellant,
v.
CHRYSLER CORPORATION, Defendant-Appellee.
 No. 92-2129.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1993.*
Decided March 18, 1993.
 
 Before COFFEY, FLAUM, ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Patrick Ramirez appeals pro se from the district court's grant of summary judgment against him in his employment discrimination claim. The sole issue on appeal is whether the actions of Chrysler Employment Supervisor Floyd Toliver equitably estopped Chrysler from asserting the statute of limitations.
 
 
 2
 When viewed in the light most favorable to Ramirez, the record reveals the following. Ramirez was laid off by Chrysler in 1979. Chrysler recalled him to work in 1983, but Ramirez was in prison at that time and he did not receive notice of the recall until April 22, 1985, when he met with Rex Hammock, Toliver's predecessor as Chrysler Employment Supervisor. At that time, Ramirez learned that he had been terminated for his failure to respond to the recall notice. On April 26, 1986, Ramirez met with Toliver to inquire about getting his job back. Toliver said he would look into it, but he did not make any promises. Finally, in September of 1986, well over a year after first learning of his termination in April of 1985, Ramirez filed a claim with the EEOC.
 
 
 3
 By statute, Ramirez had only 300 days in which to file a charge of discrimination after the alleged discriminatory act. 42 U.S.C. § 2000e-5(e). Equitable estoppel can toll this limitations period. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). This occurs "if the defendant takes active steps to prevent the plaintiff from suing in time." Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450 (7th Cir.1990), cert. denied, 111 S.Ct. 2916 (1991).
 
 
 4
 There is no evidence of any such acts by the defendant in this case. Ramirez' affidavit states that he "was lead [sic] to believe that he would be reinstated by Floyd Teliver [sic], an agent for the defendant."[1] Beyond this conclusory assertion, the only evidence in the record on appeal of what Toliver did comes from Toliver's affidavit.[2] According to Toliver's affidavit, he met with Ramirez for the first time on April 26, 1986, at which time he merely agreed to look into the matter but made no commitment to do anything more than review the information Ramirez had given him. This statement was made by Toliver on April 26, 1986 and thus occurred beyond the period within which Ramirez had to file a charge of discrimination, which was 300 days after April 22, 1985 (the date on which he learned he was terminated). Therefore, Ramirez cannot logically claim that Toliver's statement induced him to delay filing during that time period. Although in his brief on appeal Ramirez claims that he met Toliver many times before April of 1986, he cites no evidence in the record supporting this claim. Therefore, Chrysler is not equitably estopped from asserting the statute of limitations, and Ramirez' claim is time-barred.
 
 
 5
 The judgement of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Ramirez did not argue before the district court that he relied on the assertions of anyone other than Toliver. See "Plaintiff's Response to Defendants Motion for Summary Judgment" p. 3 & ex. E (R.Doc. # 504). Thus, we do not consider his suggestion on appeal (which he fails to support with any citation to the record) that he relied on statements of others as well. See Mason v. Ashland Exploration, Inc., 965 F.2d 1421, 1425 (7th Cir.1992); 10 Wright, Miller & Kane, Federal Practice and Procedure § 2716 (1982)
 
 
 [2]
 The defendants have included an excerpt of the transcript of Ramirez' deposition in the appendix to their brief. However, the transcript is not in the record on appeal, so we do not consider it