19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie TATE, Plaintiff-Appellant,
v.
SHELBY COUNTY ROAD DEPARTMENT, Defendant-Appellee.
 No. 93-5358.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1994.
 
 On Appeal from the United States District Court for the Western District of Tennessee, No. 92-02253; Odell Horton, District Judge.
 W.D.Tenn.
 REVERSED AND REMANDED.
 Before: KENNEDY and GUY, Circuit Judges, and FEIKENS, Senior District Judge.*
 PER CURIAM.
 
 
 1
 The District Court dismissed plaintiff Willie Tate's Title VII action against defendant Shelby County (Tennessee) Road Department for lack of subject matter jurisdiction because plaintiff did not timely file his complaint with the Equal Employment Opportunity Commission ("EEOC"), 42 U.S.C. Sec. 2000e-5. Plaintiff then filed a motion for relief from the judgment dismissing his action, which the court denied. Plaintiff appeals the court's denial of this motion.[1] For the reasons that follow, we reverse.
 
 I.
 
 2
 On October 1, 1987[2], plaintiff filed a charge of racial discrimination with the Memphis, Tennessee office of the EEOC. This filing occurred 198 days after the allegedly discriminatory act took place.[3] Under Title VII, a charge must be filed, with one exception, within 180 days of the alleged discrimination. 42 U.S.C. Sec. 2000e-5(e). The exception arises when a complainant first files a complaint with a state or local fair employment practice agency; under these circumstances, the time limit for the EEOC filing is extended to 300 days. Id. Plaintiff did not file a complaint with the Tennessee Human Rights Commission ("THRC").
 
 
 3
 The EEOC processed plaintiff's charge without sending a copy of the charge to the THRC. After receiving a right-to-sue letter, plaintiff filed the present action on March 18, 1992. Defendant moved to dismiss the complaint because the charge had not been filed with the EEOC within 180 days of the alleged discrimination. The court granted the motion and entered judgment on January 25, 1993.
 
 
 4
 On February 3, 1993, plaintiff moved for relief from the court's order on the ground that the applicable federal filing period was 300 and not 180 days. Plaintiff protested that his filing was timely because under the terms of a worksharing agreement between the EEOC and the THRC, his EEOC filing operated as an automatic and simultaneous filing with the THRC, which invoked the 300-day filing period. Defendant disagreed with plaintiff's interpretation of the worksharing agreement. The county argued that the EEOC must forward a copy of the charge to the THRC before an effective filing with the THRC occurs. As EEOC never forwarded a copy of the charge to the THRC, the rationale for applying the extension did not apply.
 
 
 5
 Relying on Rasimas v. Michigan Department of Mental Health, 714 F.2d 614, 622 (6th Cir.1983), cert. denied, 466 U.S. 950 (1984), the District Court held that a state filing must occur to invoke the 300-day filing period, even if such filing is not timely. Since no charges were filed with the THRC, the 180-day filing period applied and plaintiff's charge was untimely. Thus, on March 2, 1993, the court denied plaintiff's motion for relief from the order of dismissal. On March 12, 1993, plaintiff appealed the March 2nd order.
 
 II.
 
 6
 Under Title VII, the general rule is that all charges must be filed with the EEOC within 180 days of the alleged discriminatory event. 42 U.S.C. Sec. 2000e-5(e). As noted above, an exception to this 180-day rule lies where a complainant files first with a state or local agency. Under these circumstances, a Title VII plaintiff has 300 days to file with the EEOC. Id. Where a charge is filed with a state agency, no filings with the EEOC may occur "before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated...." Id. Sec. 2000e-5(c). "Read together, if a plaintiff does not file a charge under the general 180-day rule, the 60-day deferral period of [section 2000e-5(c) ] gives a state agency 'an opportunity to combat discrimination free from federal intervention.' " Brown v. Crowe, 963 F.2d 895, 896 (6th Cir.1992) (quoting EEOC v. Commercial Office Products Co., 486 U.S. 107, 110-11 (1988)).
 
 III.
 In Rasimas, we held that:
 
 7
 deferral state claimants are not required to make a timely filing with the state agency before the federal 300 day filing period applies. All that is required is that a filing with the state agency be made with sufficient time to allow an effective filing with the EEOC within 300 days after the discriminatory act. Jones [v. AIRCO Carbide Chemical Co.], 691 F.2d [1200,] 1202-1204 [ (6th Cir.1982) ].
 
 
 8
 Rasimas, 714 F.2d at 622; accord Commercial Office Products, 486 U.S. at 123. Plaintiff and the EEOC, as amicus, argue that the THRC-EEOC worksharing agreement creates an automatic and simultaneous dual-filing system. They contend that when plaintiff filed his EEOC charge, a charge was automatically and simultaneously filed with the THRC, thus satisfying the state filing requirement and invoking the 300-day filing period. This argument is based primarily on the following provision of the worksharing agreement[4]:
 
 
 9
 In order to facilitate the assertion of employment rights, the EEOC and the THRC each designate the other as its agent for the purpose of drafting charges of employment discrimination. Each agency reserves the right to determine when a complaint is perfected and otherwise properly filed with that agency. The date of filing for the principal agency of a dual filed charge shall be the date the agency receives the charge.
 
 
 10
 p II.B; Joint App. at 34-35. The EEOC asserts that the first sentence of paragraph II.B creates a dual-agency relationship for the purpose not only of "drafting charges of employment discrimination" as the plain language states, but also for receiving charges.
 
 
 11
 As we interpret paragraph II.B, it makes a distinction between "drafting" a charge and filing a charge. Thus, the agreement provisions designating EEOC as the initial processing agency for certain charges and those providing that the THRC waives its right to initially process the same charges are inapposite to the issue of whether the agencies file charges on each other's behalf. Further, paragraph II.B. reserves each agency the "right to determine when a complaint is perfected and otherwise properly filed with that agency."
 
 
 12
 When interpreting this same worksharing agreement in Crowe, another panel of this Court noted in dicta that "[b]y filing his charge with the THRC--which, under the worksharing agreement, acted as agent for the EEOC, and vice versa--[complainant] simultaneously filed his charge with the EEOC." Crowe, 963 F.2d at 898 (emphasis added). Crowe, however, is not controlling because in addition to the fact that the above-quoted language is dicta, the complainant in that case filed first with the THRC, which then assigned a charge number for both agencies' files and in fact forwarded the charge to the EEOC. While this statement does lend some support to the proposition that a dual-filing system exists in practice in Tennessee, if not under the terms of the ambiguous agreement, it is not enough to establish this to our satisfaction. The record in this case is likewise inadequate for this determination.
 
 
 13
 We do not decide whether the agreement itself creates a dual-agency relationship for purposes of filing charges; nor do we decide whether such a system exists in practice. We reserve judgment on these issues because we believe that the facts of this case warrant the application of the doctrine of equitable tolling.
 
 
 14
 In Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982), the Supreme Court held that "compliance with the filing period [is] not a jurisdictional prerequisite to filing a Title VII suit, but [is] a requirement subject to waiver as well as tolling when equity so requires...." Here, had the EEOC done what it was supposed to do under the agreement, namely file the charges with the THRC[5], plaintiff's filing would have been timely because it was within 300 days of the alleged discrimination. The underlying purpose of requiring EEOC to defer to THRC, namely to allow state agencies the first opportunity to investigate discrimination claims, would not be served here because plaintiff's claim, filed on day 198 would be barred under Tennessee's 180-day statute of limitations. Further, there is no indication defendant did not receive adequate notice of the charges. See Crowe, 963 F.2d at 899-900 (application of the doctrine of equitable tolling where filing would have been within the 300-day limit but for agency oversight and defendant not prejudiced). We hold that the doctrine of equitable tolling applies to the facts of this case. The case will be remanded to the District Court to permit the EEOC to forward a copy of the complaint to the THRC and comply with the statutory requirement.
 
 IV.
 
 15
 The judgment of the District Court is REVERSED and the case is REMANDED for proceedings consistent with this opinion.
 
 
 
 *
 The Honorable John Feikens, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The EEOC has filed an amicus brief in this appeal
 
 
 [2]
 Although plaintiff and the EEOC assert that the charge was filed on September 25, 1987, the record indicates that the charge was filed with the EEOC on October 1, 1987. Joint App. at 47
 
 
 [3]
 Plaintiff alleged that defendant had failed to promote him for discriminatory reasons on or about March 17, 1987
 
 
 [4]
 As the parties disagree as to when the initial EEOC complaint was filed, they also disagree as to which version of the worksharing agreement applies. We have concluded that the EEOC complaint was filed on October 1, 1987, thus, the agreement effective October 1, 1987 through September 30, 1988 is controlling. See Joint App. at 34-42
 
 
 [5]
 The EEOC is required to forward charges initially processed by the EEOC "to the THRC for dual-filing purposes only to satisfy the deferral requirements of Title VII, Section 706(c)." p II.H; Joint App. at 35