**Christine LEE, Plaintiff–Appellant,**

v.

**INDIANA DEPARTMENT
OF CORRECTIONS,
Defendant–Appellee.**

**No. 01–3225.**

United States Court of Appeals,
Seventh Circuit.

Argued April 17, 2002.

Decided Aug. 7, 2002.

Before EASTERBROOK, MANION, and KANNE, Circuit Judges.

**ORDER**

Plaintiff–Appellant Christine Lee brought an action under 42 U.S.C. § 1981 against her ex-employer, the Indiana Department of Corrections (the "DOC"), alleging sexual harassment and retaliation. The district court granted summary judgment in favor of the DOC, and we affirm.

Lee was employed as a correctional officer with the DOC for approximately one year. On September 3, 1998, Lee ceased working at the DOC and began receiving disability benefits. On June 30, 1999, Lee filed a claim with the EEOC, alleging that during her tenure at the DOC, her ex-supervisor, James Watson, had sexually harassed her and that the DOC had retaliated against her for complaining about the harassment. After she received a right-to-sue letter from the EEOC, Lee filed the present suit.

The only other facts germane to this appeal concern the termination of Lee's disability benefits. On September 20, 2000, the Wausau Insurance Company informed Lee that her disability benefits had ended and instructed her to contact the DOC's personnel department.[1] Lee never contacted the DOC's personnel department and conceded before the district court that the DOC had nothing to do with Wausau's denial or termination of her benefits.

Pursuant to Title VII, Lee was required to file her claim with the EEOC within 300 days after the acts about which she complained. *See* 42 U.S.C. § 2000e–5(e)(1); *see also Johnson v. J.B. Hunt Transp., Inc.*, 280 F.3d 1125, 1128 (7th Cir.2002). Because Lee filed her claim with the EEOC on July 30, 1999, this means that to be actionable, any alleged act of harass-

---

**1.** Wausau had also previously denied Lee's    claim for workers' compensation.

ment or retaliation had to occur on or after October 3, 1998.

With respect to the timeliness of Lee's sexual harassment claim, we note that there is no dispute that her last day of work at the DOC was outside of the 300–day period. Further, all of the incidents of alleged harassment about which Lee complains are also outside of the 300–day period, and are therefore time-barred. Finally, Lee's complaint did not allege that any sexually harassing act took place after October 3, 1998, and therefore, the district court properly granted summary judgment in favor of the DOC on this claim because it was time-barred.

On appeal, however, Lee argues that we should toll the 300–day time period. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to … equitable tolling."). However, tolling is not proper in this case because Lee clearly was aware (and in fact filed formal complaints of sexual harassment with the DOC) of the discrete acts of alleged harassment that occurred before October 3, 1998. *See Nat'l R.R. Passenger Corp. v. Morgan,* —— U.S. ——, ——, 122 S.Ct. 2061, 2073, 153 L.Ed.2d 106 (2002).

Lee claims that she was retaliated against for complaining about Watson's alleged harassment by being denied workers' compensation benefits and having her long-term disability benefits cancelled.[2] Because she does not have any direct evidence of retaliation, in order to establish a *prima facie* case, Lee must show that 1) she engaged in statutorily protected expression; 2) she suffered an adverse action by her employer; and 3) there is a causal link between the protected expression and the adverse action. *See id.* at 397, 102 S.Ct. 1127. In this case, Lee cannot establish a *prima facie* case of retaliation because the allegedly retaliatory actions about which she complains were taken by Wausau and not by the DOC. Indeed, Lee conceded that the DOC had nothing to do with the denial and cancellation of her benefits, and thus her retaliation claim must fail. *See Johnson v. City of Fort Wayne,* 91 F.3d 922, 939 (7th Cir.1996) (holding that retaliation claim failed where plaintiff could not establish that defendants directed third party's allegedly retaliatory action).

For the foregoing reasons, we affirm.

---

**2.** The other allegedly retaliatory actions about which Lee complains are time-barred for the reasons discussed above.