**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CATHERINE KIM, | No. 16-15409 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 1:14-cv-00574-HG-RLP |
| COACH, INC., a foreign profit corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted June 14, 2017[**]
Honolulu, Hawaii

Before: FISHER, PAEZ and NGUYEN, Circuit Judges.

Catherine Kim appeals the summary judgment entered in favor of Coach,

Inc. on her claim of retaliation under Title VII. We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.** The district court properly assumed subject matter jurisdiction over Kim's retaliation claim. Even assuming the charge Kim filed with the Equal Employment Opportunity Commission (EEOC) was untimely, the untimeliness of an EEOC charge is a non-jurisdictional defect. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Wrighten v. Metro. Hosps., Inc.*, 726 F.2d 1346, 1351 n.3 (9th Cir. 1984).

**2.** The district court properly granted summary judgment on Kim's retaliation claim. Kim alleged Coach reduced her work hours between April and September 2013 in retaliation for her having filed a lawsuit in February 2013. As the district court pointed out, however, Coach did not learn of the lawsuit until late May 2013. The lawsuit, then, could not have caused the reduction in hours. Kim therefore failed to make out a prima face case of retaliation. *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000) ("To make out a prima facie case of retaliation, an employee must show that (1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action.").

**3.** Kim argues Coach reduced her work hours between August 2012 and October 2012 in retaliation for her having filed an EEOC charge in August 2012. Kim, however, failed to present this argument to the district court. The argument

2

is therefore waived, *see Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985), and we decline to reach the issue.  Even if we were to reach the issue, Kim has presented no evidence to suggest any reduction in work hours occurred during the period in question.

**AFFIRMED.**