811 F.2d 1504
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Otto BINTZ, Plaintiff-Appellant,
v.
NSU BOARD; ODU Board; Governor of Virginia, Defendants-Appellees.
 No. 86-1210.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 12, 1986.
Decided Feb. 2, 1987.
 
 Before RUSSELL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Otto Bintz, appellant pro se.
 Joan W. Murphy, Office of the Attorney General; Charles Vann Sweet, General Counsel, Old Dominion University, for appellees.
 PER CURIAM:
 
 
 1
 Otto Bintz appeals from the district court's dismissal of his claims brought under the Civil Rights Act of 1964 against the Board of Visitors of Norfolk State University (Edwin C. Wallace, rector); the Board of Visitors of Old Dominion University (Robert M. Stanton, rector); Gerald L. Baliles, Governor of Virginia; and Charles S. Robb, former Governor of Virginia. We vacate the judgment of the district court and remand for further proceedings.
 
 
 2
 Bintz has been a professor of mathematics at Norfolk State University for sixteen years. He alleges that both Norfolk State University ("NSU") and Old Dominion University ("ODU") discriminate on the basis of race in student admissions, faculty salary and promotion policies, and that the Board of Visitors of each university and the governors have failed to take steps to integrate the two schools, thereby violating the Civil Rights Act of 1964. Bintz alleges that he has been paid less than black faculty members with similar qualifications. He asks that both schools be barred from access to public money until various actions have been taken to promote equal treatment of the races at NSU and ODU.
 
 
 3
 The district court liberally construed Bintz's pro se complaint as making two claims: (1) a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-2(a), that he had been denied equal wages and a position on NSU's Math Evaluation Committee because of his race, and (2) that NSU and ODU are segregated in violation of the Thirteenth and Fourteenth Amendments to the United States Constitution.
 
 
 4
 With regard to the first claim, Bintz did file a complaint with the Equal Employment Opportunity Commission ("EEOC") in 1984. The EEOC's subsequent report concluded that there was reasonable cause to believe that Bintz was being "subjected to unequal terms and conditions of employment and being denied wages comparable to his Black counterparts," and that race was a contributing factor. The EEOC attempted, inconclusively, to resolve the matter with NSU. However, when Bintz filed his complaint he had not obtained a right to sue letter from the EEOC as required by Title VII, 42 U.S.C. Sec. 2000e-5(f)(1). The district court, consequently, dismissed this claim without prejudice for failure to satisfy the jurisdictional prerequisites.
 
 
 5
 Following the Supreme Court's holding in Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982), that the timely filing of a charge with the EEOC is not jurisdictional, but is a requirement similar to a statute of limitations, and subject to waiver, estoppel or equitable tolling, the requirement of a right to sue letter has also been held to be less than jurisdictional. See Pinkard v. Pullman-Standard, a Division of Pullman, Inc., 678 F.2d 1211, 1216 (5th Cir.1982), cert. denied, 459 U.S. 1105 (1983). However, Bintz has not presented any equitable considerations which would warrant allowing him to proceed without a right to sue letter. Therefore, the district court properly dismissed his Title VII claim without prejudice. Bintz remains free to pursue this claim if he obtains a right to sue letter from the EEOC.
 
 
 6
 The district court construed Bintz's complaint as bringing a second claim under the Thirteenth and Fourteenth Amendments. We view Bintz's claim that de jure segregation is being maintained at NSU and ODU, as a result of which he is being subjected to discrimination in his employment, as one which meets the requirements for a suit pursuant to 42 U.S.C. Sec. 1983. It alleges a deprivation of equal protection which is being carried out by state officials. Blum v. Yaretsky, 457 U.S. 991, 999-1000 (1982).
 
 
 7
 The district court found that this claim was precluded by the Eleventh Amendment immunity of some defendants and by Bintz's lack of standing. Although both universities appear to enjoy Eleventh Amendment immunity from suit, the individual members of the Boards and the two governors can be enjoined from engaging in unconstitutional conduct. Ex parte Young, 209 U.S. 123 (1908).
 
 
 8
 The district court held that Bintz lacked standing to challenge allegedly unconstitutional conduct by state officials because he had not identified a distinct injury to himself resulting from the conduct of the defendants. However, we think that Bintz does allege an injury which gives him a direct stake in the outcome of this litigation and suffices to confer standing. See United States v. SCRAP, 412 U.S. 669, 686-87 (1983). Bintz alleges that black faculty members who were equally qualified, or even less qualified than he, were paid more than he was. He further alleges that this disparity was the result of a deliberate official policy favoring blacks at NSU, mirrored by a policy favoring whites at ODU, and all aimed at keeping the two universities racially distinct. If Bintz's claims were proved, his asserted injury could be fairly traceable to the challenged actions of the officials he names in his complaint, and a favorable decision could afford him the relief he seeks--a nondiscriminatory workplace. See Allen v. Wright, 468 U.S. 737, 751 (1984).
 
 
 9
 Bintz has alleged that attainment of the constitutionally mandated goal of an integrated state system of higher education is being intentionally frustrated by state officials and that he has been and continues to be injured thereby. Bintz has standing to challenge a state policy which is alleged to be an ongoing violation of the Fourteenth Amendment and which, if relief is not provided, will be applied to his workplace in the future. INS v. Delgado, 466 U.S. 210 (1984).
 
 
 10
 Accordingly, we vacate the judgment of the district court and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the court and argument would not significantly aid the decisional process.
 
 
 11
 VACATED AND REMANDED.