941 F.2d 1207
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Susan PRESTON, Plaintiff-Appellant,
v.
COMMONWEALTH OF VIRGINIA, New River Community College,
Defendants-Appellees,
and
David R. Pierce, Chancellor State Board for Community
Colleges, Lawrence H. Framme, III, Chairman, State Board for
Community Colleges, T.A. Carter, Jr., Board Member, State
Board for Community Colleges, William D. Dolan, III, Board
Member, State Board for Community Colleges, George H.
Gilliam, Board Member, State Board for Community Colleges,
Irving M. Groves, Jr., Board Member, State Board for
Community Colleges, Evelyn M. Hailey, Board Member, State
Board for Community Colleges, Jack L. Hite, Board Member,
State Board for Community Colleges, George J. Kostel, Board
Member, State Board for Community Colleges, Leonard W.
Lambert, Board Member, State Board for Community Colleges,
Robert E. Parker, Jr., Board Member, State Board for
Community Colleges, Anita O. Poston, Board Member, State
Board for Community Colleges, Nellie B. Quander, Board
Member, State Board for Community Colleges, Dorothy W.
Schick, Board Member, State Board for Community Colleges,
George J. Stevenson, Board Member, State Board for Community
Colleges, Doreen S. Williams, Vice Chairman, State Board for
Community Colleges, Floyd M. Hogue, President, New River
Community College, Roger K. Lewis, Board Member, New River
Community College Board, Karen Thompson, Board Member, New
River Community College Board, David B. Hunt, Board Member,
New River Community College Board, Martha H. Bolt, Board
Member, New River Community College Board, David G. Larsen,
Board Member, New River Community College, Shirley M.
Gerken, Board Member, New River Community College Board,
William H. Elmore, Board Member, New River Community College
Board, George F. Penn, Sr., Board Member, New River
Community College Board, Jerry R. Whitehurst, Board Member,
New River Community College Board, Lewis R. Sheckler, Board
Member, New River Community College Board, H.B. Whitt, Jr.,
Board Member, New River Community College Board, Defendants.
 No. 91-2020.
 United States Court of Appeals, Fourth Circuit.
 Argued May 7, 1991.
Decided Aug. 18, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-90-364-R)
 Donald Wise Huffman, Bird, Kinder & Huffman, P.C., Roanoke, Va. (Argued), for appellant; Kenneth J. Lasky, Bird, Kinder & Huffman, P.C., Roanoke, Va., on brief. Guy Winston Horsley, Jr., Senior Assistant Attorney General, Office of the Attorney General, Richmond, Va., (Argued), for appellees; Mary Sue Terry, Attorney General, Gail Starling Marshall, Deputy Attorney General, Neil A.G. McPhie, Senior Assistant Attorney General, Office of the Attorney General, Richmond, Va., on brief.
 W.D.Va.
 REVERSED IN PART AND REMANDED.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and RICHARD B. KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 WILKINS, Circuit Judge:
 
 
 1
 Susan Preston brought this action claiming her employer, New River Community College, and the Commonwealth of Virginia retaliated against her for filing a charge of employment discrimination in 1984. The district court granted summary judgment against Preston on her claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e, et seq. (West 1981), and dismissed her claim under Title IX of the Education Amendments of 1972, 20 U.S.C.A. § 1681, et seq. (West 1990), for failure to state a claim upon which relief could be granted. We reverse and remand for further proceedings.
 
 I.
 
 2
 Preston is employed by New River Community College as a counselor. In March 1984, she filed a charge with the Office for Civil Rights of the United States Department of Education (OCR) claiming that the college discriminated against her by failing to promote her to the position of career counselor. This charge alleged discrimination on the basis of race and gender.
 
 
 3
 Preston filed the present action in the district court in June 1990, alleging that she was last denied a promotion in August 1989, that the college has denied her promotions in retaliation for filing the 1984 charge and that her supervisor has harassed her. Defendants moved to dismiss Preston's complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. In response to the motion, Preston submitted a memorandum of law in which she asserted that in December 1989 she filed a charge with OCR alleging retaliatory discrimination. She attached copies of the 1984 OCR filing and a letter from OCR acknowledging receipt of her December 1989 charge to her memorandum.
 
 
 4
 Apparently converting the portion of defendants' motion attacking the Title VII action into a motion for summary judgment, the district court found it lacked jurisdiction over the Title VII claim. It rejected Preston's argument that her filing with OCR satisfied the filing requirement of 42 U.S.C.A. § 2000e-5(e) (West 1981), concluding that Preston had failed to submit evidence sufficient to raise a genuine issue of material fact concerning whether OCR intended to transfer the complaint to EEOC. Additionally, the court dismissed Preston's Title IX claim, finding it failed to state a claim for which relief could be granted.
 
 II.
 
 5
 A charge of discrimination under section 2000e-5 must be filed with the Equal Employment Opportunity Commission "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C.A. § 2000e-5(e). This requirement does not limit the jurisdiction of the district court to entertain a later lawsuit, but is a defense similar to a statute of limitations. Zipes v. Trans World Airlines, 455 U.S. 385, 393-98 (1982). Preston concedes that she did not file with EEOC during the 180-day period following the denial of her application for promotion in August 1989[1] but contends that her filing with OCR satisfies the filing requirement.
 
 
 6
 EEOC regulations provide procedures for agencies to follow in processing and resolving complaints of employment discrimination filed against recipients of federal financial assistance. 29 C.F.R. § 1691.1 (1990).[2] The term "agency" is defined as "any Federal department or agency which extends Federal financial assistance subject to any civil rights provision(s) to which this regulation applies." 29 C.F.R. § 1691.13(a) (1990). OCR is an agency charged with "the responsibility of ensuring compliance [with Title IX] through ... complaint resolution." Caulfield v. Board of Educ. of New York, 632 F.2d 999, 1002 (2d Cir.1980), cert. denied, 450 U.S. 1030 (1981).
 
 
 7
 Upon receipt of a discrimination complaint, OCR must determine if referral to EEOC is appropriate. See 29 C.F.R. § 1691.5 (1990). The regulations provide that "[a]n agency shall refer to EEOC all joint complaints solely alleging employment discrimination against an individual." 29 C.F.R. § 1691.5(e).
 
 
 8
 A complaint of employment discrimination filed with an agency, which is transferred or referred to EEOC under this regulation, shall be deemed a charge received by EEOC. For all purposes under Title VII and the Equal Pay Act, the date such a complaint was received by an agency shall be deemed the date it was received by EEOC.
 
 
 9
 29 C.F.R. § 1691.6(a) (1990). The district court found that since the OCR letter submitted by Preston did not address whether OCR referred the matter to EEOC, Preston had not made a showing sufficient to survive summary judgment.
 
 
 10
 While the OCR letter does not specifically identify the August 1989 promotion decision, we conclude that the letter is sufficient to raise a genuine issue of material fact concerning whether Preston is deemed to have complied with the filing requirement of section 2000e-5 when she filed a complaint with OCR within the 180-day period following the August promotion decision. The letter states that OCR determined it had the authority to investigate Preston's complaint and was assigning it for investigation. Because defendants failed to present evidence that OCR failed to refer the complaint to EEOC, the court must presume that OCR complied with its regulatory directive. Moreover, we do not read section 1691.6(a) as restrictively as did the district court. To permit the agency to retain certain claims of employment discrimination for investigation, but then bar later suits when the agency does so, would be an anomalous result--especially considering that the purpose of the regulation is to coordinate the processing of claims. Because the record is not fully developed, we are not in a position to say that Preston is or is not deemed to have filed the complaint with EEOC; rather, we find only that the evidence submitted to the district court was sufficient to raise an issue of fact concerning whether Preston's filing with OCR is deemed to be a timely filing with EEOC.
 
 III.
 
 11
 Preston contends that the district court erred in dismissing her Title IX claim. She argues that retaliatory conduct is prohibited by Title IX and that, even if compensatory damages are not available, an issue Preston does not concede, the district court could provide equitable relief should she prove a violation of Title IX. We agree.
 
 
 12
 An implied private right of action exists under Title IX, Cannon v. University of Chicago, 441 U.S. 677 (1979), which extends to employment discrimination on the basis of gender by educational institutions receiving federal funds, North Haven Bd. of Educ. v. Bell, 456 U.S. 512 (1982). Congress intended that Title IX would be interpreted and enforced in the same manner as Title VI of the Civil Rights Act of 1964, Cannon, 441 U.S. at 696, and the Department of Education regulations incorporate by reference into Title IX all procedural provisions applicable to Title VI, 34 C.F.R. § 106.71 (1990). One such provision prohibits retaliatory conduct. 34 C.F.R. § 100.7(e) (1990). Consequently, the Secretary of Education has prohibited retaliation based on the filing of a complaint of gender discrimination under Title IX. We cannot conclude that the Secretary's incorporation of the Title VI provision into Title IX is unreasonable. See Chevron U.S.A. v. Natural Resources Defense Council, 467 U.S. 837 (1984).
 
 
 13
 We find that prospective equitable relief is precisely the type of remedy that furthers the goals intended by Title IX and that has been approved by prior decisions. See Cannon, 441 U.S. at 705-06. Because we find that the district court erred in dismissing Preston's Title IX claim and a remand is required, we decline to address the issue of the availability of damages for an intentional violation of Title IX without the benefit of a more fully developed record.
 
 
 14
 REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 15
 DONALD RUSSELL, Circuit Judge, and RICHARD B. KELLAM, Senior District Judge, joined.
 
 
 
 [1]
 The August 1989 denial of promotion is the only adverse employment action for which Preston even arguably made a timely filing
 
 
 [2]
 Defendants do not dispute that the college receives federal financial assistance