12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward Joseph DAVIS, Plaintiff-Appellant,
v.
GEORGE S. MAY INTERNATIONAL COMPANY, Defendant-Appellee.
 No. 93-15521.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Nov. 30, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward Joseph Davis appeals pro se the district court's order granting summary judgment in favor of George S. May International Company (GSMIC) in his employment discrimination action alleging race and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. (Title VII), and age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. Sec. 621 et seq. (ADEA).[1] Davis contends the district court erred by finding either that he had failed to establish a prima facie case of disparate treatment regarding GSMIC's decision not to hire him or that GSMIC's stated reasons for not hiring him were pretextual. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992).
 
 
 4
 Pursuant to Title VII, it is illegal for an employer to discriminate on the basis of race or gender when making employment decisions. 42 U.S.C. Sec. 2000e-2(a)(1). Similarly, the ADEA forbids discrimination on the basis of age when making employment decisions. 29 U.S.C. Sec. 623(a)(1).
 
 
 5
 Davis' complaint relies on a theory of disparate treatment, an assertion "either that the employer's challenged decision stemmed from an illegitimate motive (i.e., sex discrimination) or that the decision was the product of both legitimate and illegitimate motives." See Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir.1991).[2] Disparate treatment claims under Title VII and the ADEA are analyzed under the same standards. Lindahl v. Air France, 930 F.2d 1434, 1437 (9th Cir.1991).
 
 
 6
 Once a plaintiff establishes a prima facie case of employment discrimination, the burden shifts to the employer to state a legitimate nondiscriminatory reason for its decision. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Sischo-Nownejad, 934 F.2d at 1109. If the employer articulates a legitimate, nondiscriminatory reason for its employment decision, the plaintiff must then "raise a genuine factual issue as to whether the articulated reason was pretextual." Sischo-Nownejad, 934 F.2d at 1110.
 
 
 7
 Here, it is unclear from the district court order whether the court found that Davis had established even a prima facie case of discrimination. We assume without deciding that the court did find he established a prima facie case of discrimination.
 
 
 8
 Davis applied for a position as a staff executive with GSMIC and arranged to interview with GSMIC on October 11, 1990. Davis arrived at GSMIC more than one hour late for the interview, failed fully to complete the application, and stated on the application that he could conduct business in German. When GSMIC's executive manager, Dean Lawrence, interviewed Davis, he discovered Davis could not speak German. GSMIC rejected Davis for the staff executive position based upon the above reasons.
 
 
 9
 Lawrence's deposition testimony reveals Davis' false claim that he could conduct business in German was the crucial reason GSMIC decided not to hire him. Davis asserts GSMIC's reason is a pretext for discrimination because the ability to speak German is not required of staff executives and staff executives need not handle large sums of money. Although GSMIC did not require applicants to speak German, it did require that its staff executives possess honesty and integrity. When Lawrence began the interview he asked Davis a question in German and Davis responded in Swedish. When Lawrence questioned him about his statement that he could conduct business in German, Davis asserted that Swedish and German are the same language.
 
 
 10
 GSMIC had a legitimate nondiscriminatory reason for declining to hire Davis because he lied on his application. Foster v. Arcata Associates, Inc., 772 F.2d 1453, 1463 (9th Cir.1985), cert. denied, 475 U.S. 1048 (1986). For this reason, we need not consider the other reasons articulated by GSMIC's for not hiring Davis. Id.[3]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Davis' complaint alleges race and sex discrimination in employment under Title VII. Although Davis never formally amended the complaint to include a claim under the ADEA, the district court granted summary judgment finding that Davis failed to prove intentional discrimination on the basis of race, sex or age. Because the district court addressed Davis' claim of age discrimination, we review it as well
 
 
 [2]
 Although Davis asserts he also has raised a disparate impact case, he failed to assert any GSMIC hiring practice which has an unequal effect on members of a protected group. See Sischo-Nownejad, 934 F.2d at 1109
 
 
 [3]
 Davis refers to GSMIC's refusal to hire him in 1988. Davis, however, never filed a claim either with the Equal Employment Opportunity Center or a federal suit against GSMIC for the 1988 employment decision. Davis' claim of discrimination in 1988 is barred and we will not consider this issue for the first time on appeal. See Zipes v. Transworld Airlines, Inc., 455 U.S. 385 (1982)