**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HAROLD L. NELSON,
Plaintiff-Appellant,

v.

No. 97-1430

LOCKHEED MISSILES AND SPACE
COMPANY, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
William B. Traxler, Jr., District Judge.
(CA-96-1444-2-21AJ)

Submitted: November 12, 1997

Decided: November 24, 1997

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Russell Brown, Charleston, South Carolina, for Appellant. David B.
McCormack, Christine E.W. Edenfield, BUIST, MOORE, SMYTHE
& MCGEE, P.A., Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Harold Nelson appeals from the district court's order adopting the report and recommendation of a magistrate judge and granting the Defendant's motion for summary judgment on his complaint filed pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e (1994). On appeal, Nelson challenges the district court's decision that his formal charge of discrimination was untimely filed. Finding no error, we affirm.

On July 1, 1992, Defendant notified Nelson that he would be laid off on September 30, 1992, as part of an anticipated reduction in force. The notice informed Nelson that he could seek reassignment within the company, but that he would be laid off if such a position could not be found. Nelson was able to secure a temporary position. However, on September 3, 1992, Defendant sent him a notice stating that his layoff date was extended to December 31, 1992. Nelson continued to seek reassignment, but he was unable to secure a position. Consequently he was terminated, with a last pay date of December 31, 1992. Nelson filed a formal charge of discrimination with the South Carolina Human Affairs Commission on August 6, 1993.[1]

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Fed. R. Civ. P. 56(c). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). We review a grant of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). We find the district court properly granted the Defendant's motion.

_____

[1] South Carolina is known as a "deferral state" because charges of discrimination must first be filed with a local agency before a plaintiff can file them with the EEOC.

Normally, a plaintiff has only 180 days from the alleged discriminatory action to file a charge. However, in a deferral state, such as South Carolina, that time is extended to 300 days. [2] There is an additional requirement that the plaintiff must wait sixty days after filing with the local agency before filing his charge with the EEOC, unless the state agency waives this requirement, which happened here.[3] In analyzing whether a charge was timely filed, two dates are critical: the date of the alleged discriminatory action and the date the formal charge was filed.

It is undisputed on appeal that Nelson filed his formal charge on August 6, 1993. The dispute here centers around the date of the alleged discriminatory action. Nelson contends that the time period began to run on either December 23, 1992, the last day Appellant worked, or December 30, 1992 when his termination became effective. The district court agreed with the Defendant and found that the time period began to run on September 3, 1992, when Nelson was notified of his new lay-off date.

We find Nelson's assertion meritless. This court has previously held that the time period in discrimination cases begins to run when the plaintiff receives notice of the alleged discrimination, not when the discrimination actually occurs. See Hamilton v. 1st Source Bank, 928 F.2d 86, 89 (4th Cir. 1990). We find that by at least September 3, 1992, Nelson was placed on notice that he would be removed from his prior position.[4] Even if Nelson were able to secure another position, this would not change the fact that the alleged discriminatory act was his removal from his prior position. See English v. Whitfield, 858 F.2d 957, 961-62 (4th Cir. 1988). Finally, we note that Nelson fails to establish any equitable basis for excusing his late filing, such as waiver, estoppel, or equitable tolling, nor do we find a basis for such an allegation. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).

_____

[2] See 42 U.S.C. § 2000e-5(e)(1) (1994).
[3] See 42 U.S.C. § 2000e-5(c) (1994).
[4] Since Nelson's formal charge was filed more than 300 days after September 3, 1992, we do not address whether July 1 or September 3 was the date upon which Nelson first received notice of the alleged discriminatory action.

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4