Tuxford v. Vitts Networks, et al.     CV-01-170-M    01/13/03

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Jennifer Tuxford,
     Plaintiff

     v.                                    Civil No. 01-170-M
                                           Opinion No. 2003 DNH 008
Vitts Networks, Inc.,
David Graham, and Greg DeMund,
     Defendants,


**O R D E R**


     Jennifer Tuxford filed this action against her former

employer, Vitts Networks, Inc., and two of its employees, David

Graham and Greg DeMund, claiming she was subjected to unlawful

gender-based discrimination, in violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.  Her amended

complaint also advances two state law claims, over which she says

the court may properly exercise supplemental jurisdiction.


     The procedural history of this case is described in detail

in the court's most recent order, dated November 18, 2002, and

need not be recounted.  See Tuxford v. Vitts Networks, Inc., 2002

DNH 206 (D.N.H. Nov. 18, 2002) ("Tuxford I").  At this juncture,

it is sufficient to note that DeMund is the only defendant properly before the court, and the sole remaining claim in plaintiff's amended complaint is count 2, which alleges that DeMund unlawfully discriminated against Tuxford based upon her pregnancy, in violation of New Hampshire's Law Against Discrimination, N.H. Rev. Stat. Ann. ("RSA") ch. 354-A. Specifically, Tuxford claims DeMund "aided and abetted" the unlawful employment practices in which her former employer, Vitts, allegedly engaged. See RSA 354-A:2, XV(d).

After DeMund moved for summary judgment, the court directed Tuxford to show cause why DeMund should not be granted judgment as a matter of law on either of two grounds: first, because she failed to name DeMund as a respondent in her administrative charge of discrimination, filed with the EEOC; and, second, because, under the facts alleged by Tuxford, it seemed doubtful as a matter of law that DeMund, as the president and chief operating officer of Vitts, could "aid or abet" Vitts' alleged commission of an unlawful discriminatory practice. See Tuxford I at 16. For the reasons discussed below, the court holds that defendant Greg DeMund is entitled to judgment as a matter of law

2

on grounds that Tuxford failed to name him as a respondent in her administrative charge of discrimination.

## Discussion

New Hampshire's Law Against Discrimination provides that any person "claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the commission a verified complaint in writing which <u>shall state the name and address of the person</u> . . . alleged to have committed the unlawful discriminatory practice." RSA 354-A:21, I(a) (emphasis supplied). Tuxford does not deny that the charge of discrimination she filed with the EEOC did <u>not</u> name DeMund as a respondent, nor did it allege that DeMund engaged in (or "aided and abetted") any discriminatory conduct. In fact, in a ten page, single spaced statement appended to the charge, Tuxford mentions DeMund's name only once, in passing.

Provided a party or entity is named as a respondent in the administrative charge of discrimination, RSA ch. 354-A authorizes the state commission for human rights (the "commission") to "order compensatory damages to be paid to the complainant by the

3

respondent . . .." RSA 354-A:21, II(d) (emphasis supplied). The statute also authorizes a complainant, after filing a charge of discrimination with the commission (but before the commission convenes a hearing on the charges), to remove his or her claims to the state superior court. RSA 354-A:21-a, I.[1]

Importantly, however, the statute provides that, when a matter is removed to a judicial forum, the court may award damages to the complainant "to the same extent as damages and injunctive relief could be awarded by the commission in a complaint not removed." RSA 354-A:21-a, I. Plainly, however, if the complainant's co-worker or supervisor is not named as a respondent in the original administrative charge of discrimination, the commission cannot award damages or order

---

[1] To be sure, Tuxford never filed an administrative charge of discrimination with the commission. Instead, she originally filed her administrative charge with the EEOC in Buffalo, New York. Subsequently, the matter was referred to the EEOC office in Boston. Although the court has not been provided with a copy of the pertinent worksharing agreement between the EEOC and the commission, those agreements have historically provided that a complaint filed with the EEOC is deemed to have been filed simultaneously with the commission (at least for purposes of the pertinent limitations periods). So, the court has assumed that Tuxford is entitled to proceed as though she had filed her administrative charge directly with the commission and then removed the matter to this court.

4

injunctive relief against that party.  Consequently, it would certainly seem that, under such circumstances, neither could a court award relief against the unnamed party.[2]

Thus, as the court noted in Tuxford I, New Hampshire's statutory scheme, like those adopted by other states, and like its federal counterpart - Title VII, requires a complainant to name all potentially liable parties in his or her original administrative charge of discrimination.  Failure to do so ordinarily precludes the complainant from seeking damages against such individuals in a subsequent civil lawsuit.  See, e.g., McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 504 (1st Cir. 1996) ("[A] plaintiff generally may not maintain a suit [under Title VII] against a defendant in federal court if that defendant was not named in the administrative proceedings and offered an opportunity for conciliation or voluntary compliance."); Hayes v. Henri Bendel, Inc., 945 F. Supp. 374, 378-79 (D. Mass. 1996)

_____

[2] Tuxford's reliance on the provisions of RSA 354-A:22,I, which refer to the relief available in a judicial forum to "any interested person," is misplaced.  That portion of the statute plainly relates to judicial proceedings aimed at enforcing (or challenging) final orders of the commission.  It does not address the situation in which a complainant, like Tuxford, removes her administrative complaint to state court prior to any order of the commission.  See RSA 354-A:21-a, I and II.

(dismissing plaintiff's complaint under the Massachusetts law against discrimination because she failed to name individual defendant in her administrative charge of discrimination).

Of course, it is unclear whether a complainant's failure to name an individual defendant in his or her administrative charge is a jurisdictional bar to any subsequent civil action, or whether it merely gives rise to an affirmative defense, subject to waiver. And, as noted in the court's prior order, the New Hampshire Supreme Court has yet to address the issue. It is most likely that the state supreme court would conclude that naming an individual defendant in the administrative charge is a jurisdictional prerequisite to the pursuit of a subsequent civil action against that individual under RSA ch. 354-A. That interpretation of the statute would seem to be most consistent with a reasonable reading of RSA 354-A:21-a, which provides that the commission or court may only award damages or injunctive relief against a "respondent." It is possible, however, that the court might conclude that the failure to comply with the administrative "charging requirement" does not preclude removal to a judicial forum but, instead, merely gives rise to an

affirmative defense, subject to waiver or estoppel if not raised in the defendant's answer. See, e.g., McKinnon, 83 F.3d at 505 (holding that Title VII's "charging requirement is nonjurisdictional."). See generally Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (holding that Title VII's "timeliness requirement" is not jurisdictional because the "provision granting district courts jurisdiction under Title VII . . . does not limit jurisdiction to those cases in which there has been a timely filing with the EEOC.").[3]

In this case, however, whether the failure to properly name an individual as a respondent in an administrative charge of discrimination operates as a jurisdictional bar to removal, or

---

[3] Applying the reasoning of Zipes to New Hampshire's Law Against Discrimination suggests that the timely filing of an administrative charge, which names the potentially liable party as a respondent, is a jurisdictional prerequisite to pursing a subsequent civil action. See RSA 354-A:21, I(a) (charging requirement); RSA 354-A:21, III (timeliness requirement); and RSA 354-A:21-a, I (vesting the state superior court with jurisdiction over civil suits, provided the claimant has, among other things, complied with the statute's administrative charging and timeliness requirements). In other words, a complainant's failure to file a timely charge of discrimination with the commission (which properly names all potentially responsible parties as respondents) would certainly seem to preclude her from "removing" that charge to state superior (or federal) court, at least as to those parties not properly named.

whether it simply gives rise to an affirmative defense (subject to waiver) is of no moment, since DeMund's answer to Tuxford's amended complaint specifically raised Tuxford's failure to name him as a respondent in her administrative charge of discrimination.  See Answer to amended complaint (document no. 22) at para. 12 ("With respect to Count II (N.H. RSA ch. 354-A), the plaintiff did not charge Mr. DeMund or name Mr. DeMund as a responsible party in her administrative filings, and has therefore failed to satisfy a jurisdictional pre-requisite to the maintenance of this action.").  Tuxford's assertion that DeMund failed to raise that defense prior to the close of discovery and, in so doing, precluded her from performing a meaningful investigation into the matter, is simply inaccurate.  DeMund filed his answer to Tuxford's amended complaint on April 9, 2002, and discovery did not close until almost three months later, on July 1, 2002.  See Endorsed Order Discovery Plan (document no. 6).

Consequently, even if the failure to name an individual as a respondent in an administrative charge of discrimination is not a jurisdictional prerequisite to the "removal" of an administrative

8

charge to state (or federal) court, and is, instead, an affirmative defense, subject to waiver, DeMund plainly did not waive that defense.[4]

The New Hampshire Supreme Court has yet to consider whether circumstances exist under which a plaintiff may pursue a civil claim under RSA ch. 354-A, notwithstanding the failure to name the defendant as a respondent in an administrative charge of discrimination. And, neither the state nor federal courts in Massachusetts have reached consensus on the issue under

---

[4] It is a "cardinal rule of civil procedure [that] an amended complaint ordinarily renders the original complaint of no legal effect. It is as though the original complaint was never served. Consequently, a court may not deprive an affected party the right to file a response to an amended pleading if the party so desires." Lucente v. International Business Machines Corp., 310 F.3d 243, 260 (2d Cir. 2002) (citations and internal quotation marks omitted). See also Nelson v. Adams USA, Inc., 529 U.S. 460, 466 (2000). DeMund was, therefore, entitled to file an answer to Tuxford's amended complaint and was equally entitled to raise all affirmative defenses relevant to that amended complaint, even if those defenses were not raised in response to Tuxford's original complaint. See Landrau-Romero v. Banco Popular de Puerto Rico, 212 F.3d 607, 616 (1st Cir. 2000). Parenthetically, the court notes that DeMund also raised Tuxford's failure to name him as a respondent in the administrative charge in his motion to dismiss (document no. 12), which, for procedural reasons, the court did not address on the merits.

Massachusetts' similar law against discrimination, Mass. Gen. L. c. 151B.

> It is true that the law on this matter is unsettled and falls into two camps. A number of cases advocate a stringent rule prohibiting civil suits against parties not previously named as respondents in the charge before the [state commission]. On the other hand, there are decisions that advocate a more forgiving rule.

Wright v. CompUSA, Inc., 183 F. Supp. 2d 308, 310 (D. Mass. 2001) (citations omitted). The "more forgiving rule" was articulated in Chatman v. Gentle Dental Center of Waltham, 973 F. Supp. 228 (D. Mass. 1997), where the court held:

> whether a party has been appropriately identified as a wrongdoer in a charge filed with the [state commission] so as to support a subsequent civil action against that party is a matter to be determined from a reading of the charge as a whole. If the charge put that party's conduct at issue and if the party was on notice of the charge and had an opportunity to participate in the [state commission] proceeding, then the party appropriately may be named as a defendant in a later civil complaint alleging a violation of [the Massachusetts law against discrimination].

Id. at 234 (emphasis supplied).

In this case, however, even assuming that properly naming an individual as a respondent in the administrative charge is not a jurisdictional prerequisite to a subsequent civil suit under RSA ch. 354-A, and assuming DeMund's failure to raise that issue in his answer to plaintiff's original complaint constituted a waiver of the defense, and giving Tuxford the benefit of the "more lenient rule" articulated in Chatman, she has still failed to demonstrate that she may proceed against DeMund. Among other things, a fair reading of Tuxford's administrative charge of discrimination would not put DeMund on notice that his (alleged) conduct was "at issue" in Tuxford's discrimination claim. As noted above, in a ten page, single spaced statement appended to the charge, Tuxford mentioned DeMund's name only once, saying:

> After my termination, I had inquired with Linda why she had checked on my letter and she stated that the COO of Vitts, Greg DeMund, had told her to phone and request further medical information from my doctor's office. She stated that my doctor's office had refused to release any information to her, all they did was verify the letter.

Addendum to EEOC Charge (attached to original complaint) at 5 (emphasis supplied). That single, passing reference to DeMund in the context of Tuxford's lengthy narrative in which she detailed

11

what she viewed as discriminatory treatment she suffered while at Vitts is, as a matter of law, insufficient to give DeMund fair notice that his own conduct as an alleged "aider or abettor" was "at issue" in her administrative complaint.

In sum, then, Tuxford neglected to name DeMund as a respondent in her administrative charge of discrimination.[5] DeMund raised that failure as an affirmative defense in his answer to Tuxford's amended complaint. And, in response, Tuxford has failed to demonstrate that, notwithstanding her failure to name DeMund in her administrative charge, she may still maintain this civil action against him under RSA ch. 354-A.

## Conclusion

For the foregoing reasons, defendant, Greg DeMund, is entitled to judgment as a matter of law as to the sole remaining

---

[5]    Tuxford complains that had her claims "proceeded to pretrial at the administrative level at the Commission or the EEOC level, the Plaintiff would have had the opportunity to amend her charge of discrimination to include Defendant DeMund as a Respondent." Plaintiff's memorandum (document no. 39) at 9. She does not explain why she did not amend that charge at any time between the date on which she filed it in August of 1998 and the date on which the EEOC issued its right to sue letter, two and one-half years later, in January of 2001.

count against him in plaintiff's amended complaint (count 2). His motion for summary judgment (document no. 30) is, therefore, granted. Because the remaining defendants are not properly before the court, the Clerk of Court shall statistically close the case, subject to reopening should plaintiff either obtain relief from the automatic stay with regard to Vitts, or demonstrate valid service of process on defendant David Graham.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 13, 2003

cc:  Leslie H. Johnson, Esq.
     Steven E. Grill, Esq.