**Sandra K. MURRAY, Plaintiff–Appellant,**

**v.**

**MAYSTEEL LLC, Defendant–Appellee.**

**No. 04–1296.**

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 23, 2004.*

Decided Sept. 27, 2004.

Sandra K. Murray, Shorewood, WI, pro se.

Michael Mishlove, Friebert, Finerty & St. John, Milwaukee, WI, for Defendant–Appellee.

Before EASTERBROOK, DIANE P. WOOD, and EVANS, Circuit Judges.

### Order

Sandra Murray, who worked for Maysteel between October 1987 and March 1999, contends that she is a victim of discrimination. Her first administrative charge, alleging sex discrimination, was filed in 1996. She filed another in 2003. The first was dismissed by both state and federal agencies after investigations, and Murray did not pursue litigation. The second was dismissed immediately, for the two charges rest on the same events-and by 2003 the time to pursue claims that preceded a charge filed in 1996 had long expired. Murray added to the second charge a contention that Maysteel had retaliated against her for filing the first, and also had discriminated on account of her disability. By the time she filed this charge, however, four years had passed since the end of her employment at Maysteel, so the EEOC concluded that all of her claims were untimely. After this decision,

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Murray sued under the Americans with Disabilities Act. The district court held that the charge of discrimination had been filed too late and dismissed the complaint under Fed.R.Civ.P. 12(b). (The court did not specify which subsection.)

The ADA, which incorporates most enforcement procedures from the Civil Rights Act of 1964, see 42 U.S.C. § 12117(a), requires aggrieved employees to file administrative charges within 300 days of the practices said to be unlawful. (The time is 180 days unless the state has its own administrative procedure for redress. See 42 U.S.C. § 2000e—5(e).) This time limit is an affirmative defense, not a jurisdictional bar, see *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), so dismissal under Rule 12(b) was improper. See, e.g., *Xechem, Inc. v. Bristol–Myers Squibb Co.*, 372 F.3d 899 (7th Cir.2004). But there is no dispute about the facts, so the choice between judgment on the pleadings under Rule 12(c) and summary judgment under Rule 56 is not important.

Murray evidently believes that, because the 1996 charge was timely, her claims in this proceeding must be timely. But she did not file suit based on the 1996 charge. Only the 2003 charge is at issue, and it cannot be used to revive claims about events of the mid–1990s. Although the 2003 charge adds claims, Murray does not describe any retaliatory acts or episodes of disability discrimination that occurred less than 300 days before its filing. See *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). None of the events mentioned in her brief would extend the time to file a charge (or a suit) under principles of equitable estoppel or equita-

ble tolling. Thus the district court properly entered judgment in Maysteel's favor.

AFFIRMED