**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 10-3360

———

CLINT SMITH; WENDY KING,
Appellants

v.

RICHARD PALLMAN, IN HIS INDIVIDUAL CAPACITY AND OFFICIAL
CAPACITY AS EXECUTIVE DIRECTOR, UNITED STATES DEPARTMENT OF
AGRICULTURE, FARM SERVICE AGENCY; SECRETARY UNITED STATES
DEPARTMENT OF AGRICULTURE, IN HIS OFFICIAL CAPACITY

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. Civil No. 3:09-cv-01743)
District Judge: Honorable John E. Jones, III

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 21, 2011

Before: FUENTES, SMITH and VAN ANTWERPEN, *Circuit Judges*

(Filed March 30, 2011)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

In 2007, the Farm Service Agency ("FSA")[1] reassigned Clint Smith and Wendy King. Smith administratively appealed his reassignment, lost, and filed a *Bivens*[2] claim in District Court, alleging that he had been constructively discharged in violation of his constitutional rights. King also administratively appealed her reassignment, lost, and was terminated. She has now filed a complaint in District Court alleging that her termination was retaliation for a previous accommodation request and claiming violations of the Rehabilitation Act and Americans with Disabilities Act ("ADA"). The District Court dismissed Smith's claim for lack of subject matter jurisdiction and dismissed King's claims for failure to exhaust administrative remedies. For the following reasons, we will affirm.

## I.

Smith was a farm loan officer for the FSA, and King was a program technician. Defendant-Appellee Richard Pallman is the FSA's executive director. In late 2006 and early 2007, the FSA notified employees, Smith and King included, that they would be reassigned to different office locations.

After Smith unsuccessfully appealed his reassignment, he then claimed in District Court in a *Bivens* action that his appeal was protected activity and that he had been

---

[1] The FSA is an agency within the United States Department of Agriculture responsible for administering agricultural programs at the state and county levels.

[2] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

constructively discharged in violation of the First, Fifth, and Fourteenth Amendments of the United States Constitution.

As to King, prior to her reassignment, she had claimed a preexisting neck injury and requested various accommodations. The FSA denied her request. On December 15, 2006, King received notice of her reassignment and was informed that refusing reassignment would result in termination. Nevertheless, on December 29, 2006, King refused reassignment and administratively appealed the reassignment decision. On February 15, 2007, the FSA denied her appeal by letter. The FSA notified King of her impending termination on February 27, 2007 and terminated her on April 3, 2007.

In response to her termination, King sent a letter to Gregory E. Ferby ("Ferby"), who is the Equal Employment Opportunity ("EEO") counselor for the Farm Service Agency. *Appx.* at 189. The letter was dated May 27, 2007, postmarked May 30, 2007, and received by Ferby on June 13, 2007. King informed Ferby that she had been terminated, indicated that she could not accept reassignment due to her preexisting neck condition, and requested to file a formal charge of disability and gender-based discrimination. On June 19, 2007, Ferby replied by letter and informed King that she should have commenced the EEO complaint process with him within 45 days of the alleged discrimination, which would have been May 17, 2007. King received Ferby's letter on June 21, 2007 but did not respond. On June 27, 2007, Ferby sent King a second letter, informing her of EEO requirements and her rights and responsibilities. King received Ferby's second letter on July 3, 2007. On August 1, 2007, Ferby wrote a report

3

detailing his correspondence with King, indicated that King's claim related to her April 3, 2007 termination, and noted that King had not contacted him on a timely basis.

On February 24, 2009, Smith and King filed suit in the United States District Court for the Eastern District of Pennsylvania.[3] On May 22, 2009, the FSA moved to dismiss or, alternatively, for summary judgment, and to transfer the case to the Middle District of Pennsylvania. The case was transferred to the Middle District of Pennsylvania on August 7, 2009 and assigned to Judge Vanaskie.

On January 29, 2010, the FSA again moved to dismiss or for summary judgment.[4] The FSA moved to dismiss Smith's claims for lack of subject matter jurisdiction, arguing that the Civil Service Reform Act ("CSRA") provided Smith's exclusive remedy. The FSA moved to dismiss King's claims because King failed to timely exhaust administrative remedies by waiting more than 45 days after her termination to contact the agency's EEO counselor. In support of its motion, the FSA attached documents detailing King's failure to contact an EEO counselor. In response, King submitted an affidavit claiming that she *had* timely contacted EEO Counselor Ferby.

---

[3] The original suit included a third plaintiff, Emily Wilson. Wilson was severed when the action was transferred from the Eastern District of Pennsylvania to the Middle District of Pennsylvania.

[4] The Magistrate Judge and the District Court treated the FSA's motion as a Rule 12(b)(6) motion to dismiss because neither party submitted a statement of material facts as required for a summary judgment motion. *See* FED. R. CIV. P. 56(e)(2).

On May 18, 2010, Judge Vanaskie referred the FSA's motion to a Magistrate Judge.[5]  On June 16, 2010, the Magistrate Judge issued a Report & Recommendation suggesting that the District Court grant the FSA's motion to dismiss because Smith's *Bivens* claim was preempted by the CSRA and because King failed to timely exhaust administrative remedies regarding her Rehabilitation Act and ADA claims.

On July 8, 2010, over objection, the District Court adopted the Magistrate Judge's Report & Recommendation in its entirety and granted the FSA's motion to dismiss.  On August 4, 2010, both Smith and King timely appealed.

## II.

We have jurisdiction over a district court's final order under 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.[6]  *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006).  We review *de novo* a district court's order dismissing a complaint for failure to state a claim under Rule 12(b)(6).  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

## III.

We first consider Smith's claim and then turn to King's claims.

---

[5] Judge Vanaskie received his commission to the United States Court of Appeals for the Third Circuit on April 26, 2010, so District Judge John E. Jones, III reviewed the Magistrate Judge's Report & Recommendation.  Judge Vanaskie took no part in the appellate review of this case.

[6] Our appellate review is limited, however, to "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." *Turicentro v. Am. Airlines*, 303 F.3d 293, 300 (3d Cir. 2002).

## A.

The District Court dismissed Smith's *Bivens* claim for lack of subject matter jurisdiction because it determined that the CSRA provided Smith's only means of obtaining relief. This determination is correct.

In *Bivens*, the Supreme Court permitted a plaintiff to pursue a non-statutory claim for alleged violations of Fourth Amendment rights. *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). But a non-statutory remedy is not available if a statutory scheme evidences congressional intent to limit remedies. *See Schweiker v. Chilicky*, 487 U.S. 412, 421-24 (1988); *Bush v. Lucas*, 462 U.S. 367, 388 (1983). In *Sarullo v. United States Postal Service*, we held that the CSRA is just such a statutory scheme because the CSRA "affords the exclusive remedy for damage claims of federal employees seeking redress for alleged constitutional violations arising out of the employment relationship." 352 F.3d 789, 795 (3d Cir. 2003); *see Mitchum v. Hurt*, 73 F.3d 30, 34-35 (3d Cir. 1995). There, the district court dismissed a plaintiff's *Bivens* claim for lack of subject matter jurisdiction because the claim arose in the employment context and was preempted by the CSRA. *Sarullo*, 352 F.3d at 797. Here, as in *Sarullo*, because Smith's claim arises from the employment context, the CSRA provides Smith's sole remedy, and the District Court properly dismissed Smith's *Bivens* claim for lack of subject matter jurisdiction.[7]

---

[7] Smith also argues that pursuant to 5 U.S.C. § 7702 he is permitted to "appeal de novo" a "mixed case claim." Appellant's Br. 9. A "mixed case claim" is one which challenges an adverse employment action appealable to the Merit Systems Protection Board ("MSPB") *and* alleges that discrimination played a part. *See Ikossi v. Dep't. of Navy*, 516

**B.**

The District Court granted the FSA's motion to dismiss King's Rehabilitation Act and ADA claims under Rule 12(b)(6). When reviewing a 12(b)(6) dismissal, we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231. Factual allegations that amount to "labels and conclusions" or "naked assertions," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007), are "not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). Only the "nub of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]," are assumed to be true. *Ashcroft*, 129 S.Ct. at 1950.

---

F.3d 1037, 1041 (D.C. Cir. 2008). In a mixed case, a plaintiff may seek judicial review of the MSPB's final decision. 5 U.S.C. § 7702. Or, if the MSPB does not issue a final decision within 120 days, an employee may file a civil action. 5 U.S.C. § 7702(e). Here, the MSPB never issued a final decision. Following a no-decision by the MSPB in a mixed case, some circuits have interpreted 5 U.S.C. § 7702(e) to permit district courts to consider *both* the employment and discrimination aspects of a mixed case claim. *See, e.g.*, *Ikossi*, 516 F.3d at 1041-44; *Wells v. Shalala*, 228 F.3d 1137, 1143 (10th Cir. 2000); *Doyal v. Marsh*, 777 F.2d 1526, 1537 (11th Cir. 1985). We have not yet addressed the scope of a district court's review of a mixed case, but we need not answer this question today because Smith does not allege a mixed case claim. Rather, his *Bivens* claim seeks redress for alleged constitutional violations arising from the employment context, not review of his employment dispute or discrimination. His *Bivens* claim thus falls squarely within the purview of the CSRA. *See Sarullo*, 352 F.3d at 794-95. Therefore, because the CSRA provides Smith's sole remedy, the District Court properly dismissed for lack of subject matter jurisdiction.

We first consider King's Rehabilitation Act claims. The District Court dismissed King's Rehabilitation Act claims for failure to timely exhaust administrative remedies.[8] Failure to timely exhaust administrative remedies is an appropriate basis for granting a Rule 12(b)(6) motion to dismiss. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

The Rehabilitation Act incorporates Title VII remedies. *See* 29 U.S.C. § 794a(a). Just as in Title VII cases, "a plaintiff must exhaust administrative remedies before bringing a claim under the [Rehabilitation Act]." *Wilson v. MVM, Inc.*, 475 F.3d 166, 174 (3d Cir. 2007); *Spence v. Straw*, 54 F.3d 196, 201 (3d Cir. 1995); 29 C.F.R. § 1614.105(a)(1). Moreover, there is no "distinction between failure to timely exhaust and complete failure to exhaust in Title VII cases." *Wilson*, 475 F.3d at 175. Pursuant to regulations, an employee must "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). The 45 day period begins to run "when the plaintiff knows or reasonably should know that the discriminatory act has occurred." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d

---

[8] The District Court concluded that it lacked subject matter jurisdiction because King failed to timely exhaust administrative remedies. *Smith v. Pallman*, No. 3:09-cv-1743, 2010 U.S. Dist. LEXIS 67713, at *8 (M.D. Pa. July 8, 2010). This conclusion is incorrect because failure to exhaust administrative remedies is not a jurisdictional bar. *Wilson v. MVM, Inc.*, 475 F.3d 166, 174 (3d Cir. 2007); *see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Rather, "it is an affirmative defense which must be pled and proven by the defendant." *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002). Nevertheless, failure to timely exhaust administrative remedies "may be raised as the basis for a motion to dismiss." *Id.* Here, the FSA raised timely failure to exhaust administrative remedies as the basis for its motion to dismiss, so dismissal of King's claims was proper.

1380, 1386 (3d Cir. 1994) (citations omitted); *see Podobnik v. United States Postal Serv.*, 409 F.3d 584, 590 (3d Cir. 2005) (claim accrues upon plaintiff's discovery of injury).

Here, King bases her Rehabilitation Act claim on her termination, which occurred on April 3, 2007. Thus the 45 day deadline to initiate contact with an EEO counselor was May 17, 2007. But, according to EEO documents attached to the FSA's motion to dismiss, King did not contact the EEO counselor until May 30, 2007, almost two weeks after the deadline. Moreover, the District Court properly considered the attached EEO documents when considering the motion to dismiss. *See Mayer v. Belichik*, 605 F.3d 223, 230 (3d Cir. 2010) ("[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (Court "may consider . . . any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.") (citations and quotations omitted); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("[A] document integral to or explicitly relied on in the complaint may be considered without converting the motion to dismiss into one for summary judgment. . . . [W]hat is critical is whether the claims in the complaint are based on an extrinsic document and not merely whether the extrinsic document was explicitly cited. Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them.") (citations and quotations omitted). The EEO documents which are integral to this case show that King sent a letter which did

9

not reach the EEO counselor until May 30, 2007, failed to return the EEO counselor's phone calls, and did not reply to the EEO counselor's memo. *Appx.* at 186-89, 191, 197-99. Therefore, King failed to timely exhaust administrative remedies, and the District Court properly granted the FSA's motion to dismiss.

None of King's arguments to the contrary change this outcome. First, King argues that her Rehabilitation Act claim survives a motion to dismiss because she averred in an affidavit attached to her brief in response to the FSA's motion to dismiss that she *did* contact the EEO counselor within the 45 day period. *Appx.* at 122; Appellant's Br. 9 (Affidavit "verified that [King] contacted OFO officer Ferby within the 45 day period."). Even taking King's affidavit as true, the affidavit is irrelevant to King's claim because it states that King contacted the EEO counselor after the FSA proposed to *reassign* her on December 15, 2006. *Appx.* at 122 ("I do know that I notified Greg Ferby the Agency's E.E.O. within forty five days of my *reassignment*.") (emphasis added). But King's Rehabilitation Act claim alleges that the FSA violated her rights by *terminating* her, not *reassigning* her. Therefore, because King's affidavit relates to her reassignment rather than her termination, it is simply irrelevant to the instant claim.

Nor is there any evidence that EEO Counselor Ferby mishandled King's claim. King repeatedly failed to return Ferby's phone calls. King also ignored Ferby's mailed memorandum. Finally, Ferby investigated King's claim himself by contacting and interviewing King's supervisor and administrative officer. After his investigation, Ferby found no evidence of discrimination. *Appx.* 186-89.

10

Finally, King's contention that the District Court should have permitted her to engage in discovery fails. Discovery is not required prior to dismissal. *See Iqbal*, 129 S.Ct. at 1950 (Rule 8 marks "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Turning to King's ADA claim, dismissal was proper because the ADA does not apply to federal agencies. *See* 42 U.S.C. § 12132; 42 U.S.C. § 12111(5)(B); *Dyrek v. Garvey*, 334 F.3d 590, 597 n.3 (7th Cir. 2003) ("[T]he ADA does not apply to federal agencies . . . ."). Here, King filed her ADA claim against the FSA, a federal agency operating within the Department of Agriculture. The FSA is thus outside the purview of the ADA.

**IV.**

For the foregoing reasons, we will affirm the District Court's order granting the FSA's motion to dismiss.