**BLD-128 and BLD-129**                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 12-1116 & 12-1127
_____

NEAL C. FELIX,
Appellant

v.

ALBERT EINSTEIN HEALTHCARE NETWORK
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Nos. 11-cv-04601 & 11-cv-4094)
District Judge:  Honorable Gene E.K. Pratter

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 1, 2012

Before: SCIRICA, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 21, 2012 )
_____

OPINION
_____

1

PER CURIAM

Neal C. Felix appeals the District Court's orders granting appellee's motions to dismiss his complaints. For the reasons below, we will summarily affirm the District Court's judgments.

In June 2011, Felix filed a complaint alleging that appellee discriminated against him on the basis of race, sex, and age. It was docketed in the District Court for the Eastern District of Pennsylvania at Civ. No. 11-cv-4094. Appellee filed a motion to dismiss. The District Court determined that Felix's EEOC charge had been untimely filed and dismissed the complaint. After the District Court denied his motion for reconsideration, Felix filed a notice of appeal which was docketed at C.A. No. 12-1127.

In July 2011, Felix filed another complaint alleging discrimination by appellee. It was docketed in the District Court for the Eastern District of Pennsylvania at Civ. No. 11-cv-4601. Again, the District Court determined that the EEOC charge was untimely filed and dismissed the complaint. After the District Court denied his motion for reconsideration, Felix filed a notice of appeal which was docketed at C.A. No. 12-1116.

We have jurisdiction under 28 U.S.C. § 1291. We agree with the District Court that Felix's EEOC charges were untimely filed. Under 42 U.S.C. § 2000e-5(e)(1), Felix needed to file his charges of discrimination within 300 days of the

2

alleged unlawful employment actions. Felix resigned from employment with appellee in July 2008 and did not file his charges with the EEOC until February 2011 which is more than 300 days later.

Felix does not dispute the relevant dates. In his argument opposing summary action, he appears to argue that his EEOC complaint against another employer, Em-Star, should toll the time he had to file his EEOC charges against appellee. He contends that he indicated on his complaint form against Em-Star that the discriminatory acts were a continuing action. His arguments are without merit.

Felix appears to contend that the Supreme Court's decision in Zipes v. Trans World Airlines Inc., 455 U.S. 385 (1982), supports his arguments. The Supreme Court in Zipes held that the time period for filing a charge of discrimination is not a jurisdictional requirement. Instead, the statutory requirement is similar to a statute of limitations that is subject to waiver, estoppel, and equitable tolling. Id. at 393. Here, the District Court did not treat the filing requirement as a jurisdictional prerequisite; it determined that Felix's charges were untimely filed and he was not entitled to equitable tolling

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those

3

set forth by the District Court, we will summarily affirm the District Court's orders.  <u>See</u> Third Circuit I.O.P. 10.6.