Rowe v. N.Y.S. Dep't of Taxation and Finance

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> DENNY CHIN,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

George Rowe,

*Plaintiff-Appellant*,

v. 18-2302

New York State Department
of Taxation and Finance,

*Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT: George Rowe, pro se, Albany, NY.

FOR DEFENDANT-APPELLEE: Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, Jennifer L. Clark, Assistant Solicitor General of Counsel, for Letitia James, Attorney General State for the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant George Rowe, proceeding pro se, sued his current employer, the New York State Department of Taxation and Finance ("NYSTF") under Title VII of the Civil Rights Act of 1964, alleging that NYSTF discriminated against him on the basis of race and retaliated against him when it failed to promote him on various occasions from 1997 to 2017.[1] On appeal, Rowe challenges the District Court's dismissal of his claims based on acts alleged to have occurred on or before July 15, 2016 as untimely, and of his remaining disparate treatment and retaliation claims pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the dismissal of a complaint pursuant to Rule 12(b)(6). *Forest Park Pictures v. Universal Television Network*, 683 F.3d 424, 429 (2d Cir. 2012).[2] The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations in the complaint are assumed to be

---

[1] On appeal, Rowe argues that he also intended to assert claims under 42 U.S.C. § 1983. However, Rowe did not assert § 1983 claims below. This argument is waived because it is asserted for the first time on appeal. *Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016).

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

true, this tenet does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

The District Court properly concluded that Rowe's Title VII claims based on acts alleged to have occurred on or before July 15, 2016 are time-barred. Title VII requires individuals aggrieved by acts of discrimination in states like New York that have state or local employment discrimination enforcement mechanisms to file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Claims falling outside this statute of limitations are time-barred unless they are subject to waiver, estoppel, or equitable tolling, *Zipes v. Trans World Airline., Inc.*, 455 U.S. 385, 393 (1982), or fall within the continuing violation exception to the 300-day rule, *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 220 (2d Cir. 2004). Rowe filed his discrimination charge against NYSTF on May 11, 2017. Accordingly, to be timely, the alleged acts of discrimination must have occurred after July 15, 2016. The majority of the alleged discriminatory acts that Rowe discusses in his complaint and supporting documents occurred years before this date.

Rowe argues that the district court erred in finding that the continuing violation doctrine did not revive the claims based on these acts. Under the continuing violation doctrine, "if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will

3

be timely even if they would be untimely standing alone." *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 155-56 (2d Cir. 2012). But the continuing violation doctrine does not apply to discrete unlawful acts, even if the discrete acts were undertaken "pursuant to a general policy that results in other discrete acts occurring within the limitations period." *Id.* at 157. "[A]n employer's failure to promote is by its very nature a discrete act." *Id.* The District Court correctly concluded that Rowe's complaint, which focused on multiple failures to promote, alleged only a series of discrete acts of retaliation and discrimination, occurring over the course of more than twenty years and often separated by years.[3] Accordingly, the continuing violation doctrine does not revive the time-barred claims.

The District Court also did not err in dismissing Rowe's disparate treatment claims based on the NYSTF's failure to promote him between June 2, 2016 and May 10, 2017. At the pleadings stage, Title VII "requires a plaintiff asserting a discrimination claim to allege two elements: (1) the employer discriminated against him (2) because of his race, color, religion, sex, or national origin." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a)(1)). A plaintiff may adequately plead this second element "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id*. at 87. The District Court correctly found that Rowe failed to make this showing because he made only conclusory allegations that he was denied promotions due to racial animus,

---

[3] Rowe's argument that the district court erred in finding that the continuing violation doctrine did not apply relies on inapposite case law discussing the doctrine as relevant to hostile work environment claims. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002).

otherwise alleged that nepotism guided some of the hiring decisions concerned, and submitted documentation showing merely that he was not hired for positions because others were selected. These allegations neither show nor give rise to a plausible inference of racial animus.

Finally, the District Court did not err in dismissing Rowe's retaliation claim for failure to state a claim. To establish a prima facie case of retaliation, an employee must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn v. City of New York*, 795 F.3d 297, 316 (2d Cir. 2015). The causal connection may be indirect, made "by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct," or direct, "through evidence of retaliatory animus directed against the plaintiff by the defendant." *Id*. at 319. The only protected activity Rowe identified in his filings occurred in 2003. The District Court correctly held that allegations that Rowe was passed over for promotions in 2016 and 2017 were too attenuated from the protected activity to plausibly allege a causal connection between the two.

We have considered all of Rowe's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5